**Maryann PAISLEY, Appellant**

v.

**CENTRAL INTELLIGENCE AGENCY et al.**

**Senate Select Committee on Intelligence, Applicant in Intervention.**

**No. 82–1799.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 3, 1984.

Michael Davidson, Senate Legal Counsel, M. Elizabeth Culbreth, Deputy Senate Legal Counsel, and Morgan J. Frankel, Asst. Senate Legal Counsel, Washington, D.C., were on the motion of the Senate Select Committee on Intelligence to intervene and on the petition of intervenor for rehearing.

Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the petition was filed, and Royce C. Lamberth, Michael J. Ryan, and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the petition of appellees for rehearing.

Eric R. Glitzenstein and Alan B. Morrison, Washington, D.C., were on appellant's opposition to the motion to intervene.

Before WRIGHT and WILKEY, Circuit Judges, and BONSAL,* Senior District Judge.

Opinion PER CURIAM.

PER CURIAM:

On July 22, 1983, this court issued an opinion in *Paisley v. Central Intelligence Agency,* 712 F.2d 686 (D.C.Cir.1983). The case involved Freedom of Information Act (FOIA) requests directed to the CIA and FBI for information concerning the mysterious death of appellant's husband, a former CIA official. We held that a number of the documents sought were "agency records" and therefore subject to FOIA, despite the fact that they had some connection with certain Senate hearings concerning her husband's death. Only after our July 22 opinion was issued did the Senate Select Committee on Intelligence (hereinafter the Committee) move to intervene in the case' pursuant to 2 U.S.C. § 288*l*(a) (1982). The Committee also filed a petition for rehearing on two issues we decided in our opinion: (1) the correct application of the legal standards contained in *Goland v. CIA,* 607 F.2d 339 (D.C.Cir.1978), *vacated in part on other grounds,* 607 F.2d 367 (D.C.Cir.1979), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980), to FBI Documents Nos. 26 and 27, *see* 712 F.2d at 694 n. 32, and (2) the necessity of adjudicating the Speech and Debate Clause issue, *see* 712 F.2d at 696–697.

We have extremely serious doubts about the wisdom of granting post-judgment intervention to a nonparty for purposes of contesting decisions reached by this court.[1] To be sure, the Committee has an interest in the subject matter of the case, since the

---

\* Of the United States District Court for the Southern District of New York, sitting by designation pursuant to 28 U.S.C. § 294(d) (Supp. V 1981).

1. We wish to make it clear that the Committee does *not* seek to intervene in this case to perfect further appeals when the parties themselves have decided not to do so or to bring to the court's attention newly-discovered evidence that could not have been previously brought before the court. Intervention for these purposes may raise issues somewhat different from the intervention sought here.

documents at issue were created in connection with one of its investigations. And the provisions of Section 288*l*(a) (1982) require a court to permit Senate intervention unless such intervention is "untimely and would significantly delay the pending action." [2] But, just as the Senate expects representatives of other branches of government to respect the processes it has established for carrying out its lawmaking functions, this court expects representatives of the Senate to respect the procedures that courts have developed to assure fair, just, and final resolution of disputes. A crucial element of these procedures is the principle that interested parties should assert their interests in ongoing judicial proceedings before—not after—the court reaches judgment.

Although the Committee was well aware that the appellant in this case was litigating access to FBI Documents Nos. 26 and 27, it made no attempt to protect its interests in the District Court. It was thus apparently perfectly satisfied to have the government represent its interests, as well as those of the Executive Branch agencies. When appellant lost in the District Court and perfected this appeal, the Committee still made no effort to intervene. On February 22, 1983, when the government filed its supplemental brief, *see* 712 F.2d at 692 n. 25, 696 n. 45, some divergence between the government's position and the position that the Committee may have held became evident. Although it was already extremely late to consider intervention at that time, oral argument had not yet been heard and we had reached no decision. Yet the Committee still did not move to intervene.

This case illustrates the evils of permitting post-judgment intervention. By delaying its intervention until *after* we had issued our decision, the Committee has reaped the benefits of waiting to see whether

our judgment would be adverse, while imposing serious costs upon the parties and upon the courts. For instance, appellant—who has already had to wait over four years to learn how her husband died—may be forced to expend further time and resources relitigating the agency records issue—an issue that appellant had good reason to believe she had finally won. The District Court will have to spend its time hearing new evidence—evidence that was perfectly available and accessible at the time it first heard this case. And we have had to waste our time and effort deciding parts of this case on facts that we are now told may be inaccurate.

The Committee's only explanation in defense of its delay seems to be that it thought it could win the case by relying on other parties, thereby avoiding the cost of intervening. This is not a very compelling explanation. If this court accepted similar "justifications" from private parties, it would make a mockery of traditional elements of judicial procedure designed to bring relevant facts and parties to the attention of the court so that it can reach a just—and final—resolution of the dispute before it.

In spite of all this, we recognize that the Committee may have been misled by our previous liberality in granting rehearings in FOIA cases, *see, e.g., McGehee v. CIA,* 711 F.2d 1076 (D.C.Cir.1983) (vacating in part *McGehee v. CIA,* 697 F.2d 1095 (D.C.Cir. 1983)); *Goland v. CIA,* 607 F.2d 367 (D.C. Cir.1979) (vacating in part *Goland v. CIA,* 607 F.2d 339 (D.C.Cir.1978)), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980), to misunderstand our position on intervention. Because of the possibility that there has been such a misunderstanding, we will permit the Committee, as a representative of a coordinate branch of

---

**2.** The full text of § 288*l*(a) reads as follows: "Permission to intervene as a party or to appear as amicus curiae under section 288e of this title [giving Senate Legal Counsel power to move for intervention on behalf of a Senate committee] shall be of right and may be denied by a court only upon an express finding that such intervention or appearance is untimely and would significantly delay the pending action or that standing to intervene has not been established under section 2 of article III of the Constitution of the United States."

government, to intervene in this case. We urge in the strongest possible terms that in the future the various governmental parties either agree in advance on a common litigating posture in FOIA cases or that each interested governmental party see to it that its views are fully represented before the court in some other way at a suitably early stage of the proceedings. Governmental parties that fail to heed this warning should not seek to overturn this court's decisions in post-judgment petitions to intervene.

Having granted the Committee's motion to intervene, we hereby vacate Section III–B of our earlier opinion, 712 F.2d at 696–697, which analyzed the Speech and Debate Clause issue. Because neither appellant nor appellees briefed the issue before the District Court, and because no congressional body asserts an independent constitutional basis for refusing disclosure, *see* Petition of Intervenor for Rehearing at 13, it was unnecessary and improper for the District Court to reach this sensitive constitutional issue. *See Soucie v. David,* 448 F.2d 1067, 1071–1072 (D.C.Cir.1971). We share the Committee's concern that our decision disposing of the issue on its merits could have unforeseeable and unintended adverse effects on congressional operations in the future. We thus adhere to our conclusion vacating that portion of the District Court's opinion discussing application of the Speech and Debate Clause.

Finally, because the Committee alleges that the record was seriously incomplete and inaccurate concerning FBI Documents Nos. 26 and 27, we modify our previous opinion to exclude these documents from the discussion in Section III–A–2–a of that opinion, 712 F.2d at 694–696. We continue to stand by the principles enunciated in *Goland* and in our earlier opinion in this case. The District Court shall, in the light of any new evidence adduced by intervenor, apply those principles to determine whether FBI Documents Nos. 26 and 27 are congressional records outside the scope of FOIA. In addition, we note that the District Court

seems to have relied on a factually incorrect record when holding that FBI Documents Nos. 23, 51, 92, parts of 41, and three attachments to No. 20 were congressional records. *See* Petition of Intervenor for Rehearing at 6 n. 10, Joint Appendix at 157. Although appellant did not originally dispute on appeal the District Court's ruling on these documents, if she now contests the withholding of these documents, the District Court shall rule on them as well, applying the standards we developed in *Goland* and in our earlier opinion in this case.

For these reasons, it is ordered:

1. The motion of the Senate Select Committee on Intelligence to intervene is granted.

2. The petitions for rehearing of appellees and intervenor are granted.

3. The District Court's application of the Speech or Debate Clause is vacated.

4. Part III–B of this court's July 22, 1983 opinion is vacated.

5. Part III–A–2–a of this court's July 22, 1983 opinion is vacated insofar as it applies to FBI Documents Nos. 26 and 27.

6. On remand the District Court shall consider whether FBI Documents Nos. 26 and 27 are congressional records outside the scope of the Freedom of Information Act.

7. On motion of appellant, the District Court shall also consider whether FBI Documents Nos. 23, 51, 92, 41, and 20 (attachments) are congressional records outside the scope of the Freedom of Information Act.