**AMERICAN PETROLEUM INSTITUTE, Plaintiff,**

v.

**U.S. ENVIRONMENTAL PROTECTION AGENCY, Defendant.**

**Civ. A. No. 92–1663 SSH.**

United States District Court, District of Columbia.

Jan. 31, 1994.

---

Douglas Moore and Alice Crowe, American Petroleum Institute, Washington, DC, for plaintiff.

Assistant U.S. Atty. Jeffrey T. Sprung, Washington, DC, for defendant.

*OPINION*

STANLEY S. HARRIS, District Judge.

Before the Court are cross-motions for summary judgment in an action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Upon consideration of the motions, the Court finds that defendant properly invoked exemption 5 of the FOIA. The Court, however, also finds that defendant did not adequately address the segregability of factual material from those documents withheld in their entirety. Accordingly, the Court remands to defendant to disclose factual material from those documents withheld in whole or to justify why such material may be withheld. Thus the Court grants in part plaintiff's motion for summary judgment and denies in part defendant's motion for summary judgment. With respect to those documents released in redacted form, the Court grants in part defendant's motion for summary judgment and denies in part plaintiff's motion for summary judgment. Although findings of fact and conclusions of law are unnecessary in ruling on a summary judgment motion, the Court sets forth its reasoning. *See* Fed.R.Civ.P. 52(a).

*Background*

Plaintiff, the American Petroleum Institute, contends that defendant, the Environmental Protection Agency ("EPA"), has unlawfully withheld 14 documents in violation of the FOIA, 5 U.S.C. § 552. Plaintiff seeks release of the withheld documents, or alternatively, disclosure of segregable factual portions of the documents.

As part of the Clean Air Act Amendments of 1990 ("Clean Air Act Amendments"), Congress directed the EPA to establish a vehicle-based, or onboard, control method to limit the release of gasoline vapor emissions during the refueling of light-duty vehicles. *See* Pub.L. No. 101–549, 104 Stat. 2399 (codified as amended at 42 U.S.C.A. § 7521(a)(6) (1993)). Congress further required that prior to promulgating such a standard, the EPA was to consult with the Department of Transportation ("DOT") regarding the safety of such controls. *Id.* Accordingly, the DOT's

agency responsible for automobile safety, the National Highway Transportation Safety Administration ("NHTSA"), produced a study, "An Assessment of the Safety of Onboard Refueling Vapor Recovery Systems" ("NHTSA study"), and provided it to the EPA in July, 1991. NHTSA concluded that onboard vapor controls would "have a negative impact on safety." Plaintiff's Ex. 18 at 30.

On October 2, 1991, plaintiff filed a FOIA request seeking production of any EPA staff analysis concerning the NHTSA study. In response, defendant assembled the members of its onboard emissions control safety evaluation team. The team compiled all related materials, which included 66 documents totaling 748 pages. On October 24, 1991, defendant provided a partial response to plaintiff's request and released 16 documents in their entirety. The agency released 33 more documents in their entirety and an additional five documents in redacted form on November 1, 1991. The EPA withheld 12 documents in their entirety. In refusing to disclose all materials, defendant relied on the deliberative process privilege for intra-agency documents under exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5). Plaintiff filed an administrative appeal of the EPA's nondisclosure on March 23, 1992.

On March 27, 1992, the EPA filed the "Final Agency Action Pursuant to Section 202(a)(6) of the Clean Air Act Regarding Onboard Control of Refueling Emissions" ("Final Agency Action on Onboard Controls"). 57 Fed.Reg. 13,220-31 (1992). Citing the NHTSA study as evidence that such systems would be unsafe, the EPA decided not to promulgate the onboard vapor emissions control systems. *Id.* at 13,222-23. Instead, the agency announced that gasoline pump-mounted, or Stage II, control systems were a viable alternative. *Id.* at 13,230.

On August 18, 1992, the EPA issued a decision in response to plaintiff's FOIA appeal. The agency released three previously withheld documents: one that had been withheld in whole (number 29) and two others that had been released in redacted form only (numbers 30 and 42). EPA continued to withhold 11 documents (numbers 18, 19, 22, 27, 28, 31, 32, 39, 40, 64, and 66) in whole and three others in part (numbers 17, 61, and 62). All but three of the documents are critiques or analyses of the NHTSA study or recommendations for future action; two (numbers 61 and 62) are notes made in the margins of copies of the NHTSA study and the remaining document (number 66) includes notes on two staff meetings in which analyses and opinions were expressed.[1] Defendant contends that all 14 withheld documents are privileged under exemption 5 of the FOIA.

## Discussion

Defendant seeks summary judgment on the grounds that it has properly withheld intra-agency documents pursuant to exemption 5 of the FOIA. *See* 5 U.S.C. § 552(b)(5). In its cross-motion for summary judgment, plaintiff asserts that defendant has failed to provide sufficient information to invoke the exemption. In addition, plaintiff contends that defendant has failed to segregate and disclose factual information from the withheld documents pursuant to § 552(b). The Court first reviews the summary judgment standard under the FOIA. Next, the Court examines the function of exemption 5. Finally, the Court considers plaintiff's claims that the agency has unlawfully withheld the documents.

---

1. Accompanying defendant's motion for summary judgment, the EPA submitted the declaration of Glenn Passavant, project manager for the EPA's assessment of the vehicle safety implications of onboard emissions control systems. The declaration in part provides descriptions of the withheld documents. A typical entry is as follows:

Document number 18 on the list included with EPA's initial response. Undated. Supplemental Information for the NHTSA Report Concerning Fire Safety Part I. Also, Supplemental Information for the NHTSA Report Fire Safety Concerns Part II. The first portion of this document discusses issues raised by the NHTSA report concerning canisters and canister saturation. The second portion evaluates experimental techniques in relation to fire safety studies. In general, this document contains a critique of the NHTSA report. 3 pages. Declaration of Glenn Passavant ("Passavant decl.") at ¶ 11.

### 1. Summary Judgment Standard under the FOIA

To obtain summary judgment in a FOIA action, as in any action, an agency must prove that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. *Founding Church of Scientology, Inc. v. NSA*, 610 F.2d 824, 836 (D.C.Cir.1979). Accordingly, the agency must "prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from [FOIA's] inspection requirements." *National Cable Television Ass'n v. FCC*, 479 F.2d 183, 186 (D.C.Cir.1973). A court may award summary judgment to an agency and thereby deny disclosure only if the agency provides "a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Mead Data Cent., Inc. v. Department of Air Force*, 566 F.2d 242, 251 (D.C.Cir.1977).

*In camera* inspection of the disputed documents is not necessary to rule on a summary judgment motion under the FOIA. *EPA v. Mink*, 410 U.S. 73, 94, 93 S.Ct. 827, 839, 35 L.Ed.2d 119 (1973). Rather, an agency may submit affidavits to the court to demonstrate that the documents are beyond the range of material that must be disclosed. *Id.* If the affidavits are sufficiently detailed, nonconclusory, and submitted in good faith, "the district judge has the discretion to forgo discovery and award summary judgment on the basis of the affidavits." *Goland v. CIA*, 607 F.2d 339, 352 (D.C.Cir.1978), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980).

### 2. Exemption 5

Under exemption 5 of the FOIA, an agency may withhold documents that are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption applies to those documents normally privileged in the discovery context. *See, e.g., NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148, 95 S.Ct. 1504, 1515, 44 L.Ed.2d 29 (1975); *Mink*, 410 U.S. at 85–86, 93 S.Ct. at 835. Thus exemption 5 covers "documents 'reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 150, 95 S.Ct. at 1516 (citation omitted); *see also Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C.Cir.1980) (including within the exemption "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency").

The withholding of documents under exemption 5 "rest[s] fundamentally on the conclusion that, unless protected from public disclosure, information of that type would not flow freely within the agency." *Mead Data Cent.*, 566 F.2d at 256 (footnote omitted). Accordingly, three specific privileges allow an agency to withhold documents: the deliberative process privilege, the attorney-client privilege, and the attorney-work product doctrine. *See, e.g., Coastal*, 617 F.2d at 862. Defendant primarily invokes the deliberative process privilege in withholding the 14 documents.

The Court addresses two issues in determining whether the EPA has properly withheld the documents. As a threshold matter, the Court determines whether defendant has provided sufficient information to invoke the deliberative process privilege of exemption 5. Specifically, the Court resolves whether the withheld documents satisfy the privilege's predecisional and deliberative requirements. Then, the Court examines whether the agency has adequately addressed the segregability and disclosure of factual information from the withheld documents.[2]

---

**2.** Plaintiff also challenges defendant's assertion that the documents in dispute are not of an intra-agency nature. Plaintiff claims that because all but two of the withheld documents are various versions of released document number 29, the withheld documents are not "intra-agency" records. Plaintiff cites no authority in support of

## A. Deliberative Process Privilege

■ The deliberative process privilege serves three purposes: to assure that subordinates within an agency will feel free to provide a decisionmaker with their uninhibited opinions and recommendations without fear of later public criticism; to protect against premature disclosure of proposed policies before adoption; and to protect against confusing the issues and misleading the public by the dissemination of documents suggesting reasons and rationales for a course of action that were not in fact the ultimate reasons for the agency's actions. *Jordan v. Department of Justice*, 591 F.2d 753, 772–74 (D.C.Cir.1978) (en banc). Here, the EPA asserts that release of the documents would "seriously harm the deliberations of the personnel responsible for providing independent technical and policy recommendations." Passavant decl. at ¶ 12. In addition, the agency claims that disclosure would "create public confusion about EPA's decision regarding onboard vapor recovery." *Id.*

"In deciding whether a document should be protected by the [deliberative process] privilege we look to whether the document is 'predecisional'—whether it was generated before the adoption of an agency policy—and whether the document is 'deliberative'— whether it reflects the give-and-take of the consultative process." *Coastal*, 617 F.2d at 866. Plaintiff argues that the documents satisfy neither requirement. The Court disagrees.

Plaintiff contends that defendant has failed to demonstrate that some of the documents in dispute were predecisional. Plaintiff reports that six of the documents are undated, leaving open the question of whether they preceded the agency's decision. The EPA asserts that the documents were predecisional because agency staff generated them prior to the March 27, 1992, filing of the Final Agency Action on Onboard Controls.

"A document is 'predecisional' if it precedes, in temporal sequence, the 'decision' to which it relates. Accordingly, to approve exemption of a document as predecisional, a

court must be able 'to pinpoint an agency decision or policy to which the document contributed.'" *Senate of P.R. v. Department of Justice*, 823 F.2d 574, 585 (D.C.Cir.1987) (quoting *Paisley v. CIA*, 712 F.2d 686, 698 (D.C.Cir.1981), *vacated in part on other grounds*, 724 F.2d 201 (D.C.Cir.1984)). The record demonstrates that the documents in dispute were generated prior to the agency decision regarding onboard refueling vapor emissions controls. In a letter dated November 1, 1991, defendant released in full 33 documents pertaining to the NHTSA study. *See* Passavant decl. Attachment B; Plaintiff's Ex. 4. In an accompanying index, defendant identified all the documents withheld in full or released in redacted form only, including the six undated documents. *Id.* Thus, defendant identified the documents in dispute nearly five months before it filed the Final Agency Action on Onboard Controls on March 27, 1992. Therefore, the Court finds that the documents were predecisional.

"[P]re-decisional materials are not exempt merely because they are pre-decisional; they must also be a part of the agency give-and-take—of the deliberative process—by which the decision itself is made." *Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C.Cir.1975). Plaintiff claims that the agency failed to prove that the documents were deliberative because they did "not explain with the specificity required" how each document was a fundamental part of the decisionmaking process. Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment [Plaintiff's Mem.] at 11. Defendant contends that its *Vaughn* declaration is sufficient and that plaintiff's challenge is unsupported by controlling case law.

■ "To come within the [deliberative process] privilege and thus within Exemption 5, the document must . . . make[ ] recommendations or express[ ] opinions on legal or policy matters." *Vaughn*, 523 F.2d at 1144. Furthermore, the agency must establish "what deliberative process is involved, and the role played by the documents in issue in the course of that process." *Coastal*, 617

this assertion and the Court finds this argument

meritless.

F.2d at 868.[3] Conclusory assertions of privilege will not carry the agency's burden. *Senate of P.R.,* 823 F.2d at 585.

Here, the documents in dispute comprise opinions and recommendations on policy or legal matters. They consist of EPA "staff analyses and critiques" of the NHTSA report. Passavant decl. at ¶ 10. Agency staff members debated "some of the potential advantages and disadvantages of onboard systems, including safety." *Id.* In identifying ten of the 11 documents withheld in whole (numbers 18, 19, 22, 28, 31, 32, 39, 40, 64, and 66), the Passavant declaration employed terms such as "a critique," "an evaluation," and "a point by point analysis" of various sections of the NHTSA study. *Id.* at ¶ 11. The other document withheld in full, number 27, involves analyses and recommendations for agency action. *Id.*[4] The withheld segments of documents numbers 61 and 62 contain "comments" by EPA staff written directly on copies of the NHTSA study. *Id.* As for the remaining document released in redacted form (number 17), the withheld segment "evaluates a portion of the NHTSA study and suggests EPA alternatives for proceeding from that point...." *Id.* Clearly, the documents that the EPA has refused to disclose properly fall within "the withholding of all papers which reflect the agency's group thinking in the process of working out its policy and determining what its law shall be." *NLRB v. Sears, Roebuck & Co.,* 421 U.S. at 153, 95 S.Ct. at 1517–18 (*quoted in Texas Ind. Producers Legal Action Ass'n v. IRS,*

605 F.Supp. 538, 543 (D.D.C.1984)); *cf. Coastal,* 617 F.2d at 868 (rejecting an agency effort to withhold documents, this Circuit reasoned that "[n]o 'decision' is being made or 'policy' being considered; rather the documents discuss *established* policies and decisions—the agency regulations...." (emphasis in original)). The Court finds that the withheld documents express predecisional opinions on policy or legal matters regarding the merit of the NHTSA study and more generally, the safety of onboard gasoline vapor emissions control systems.

■ In addition, the Court finds that defendant has adequately demonstrated the role the documents played in the deliberative process. *See Coastal,* 617 F.2d at 868. Although the EPA did not comprehensively describe the gasoline vapor emissions control rulemaking process, it is clear that these documents "were part of the Agency's preliminary and internal policy debate" regarding onboard refueling vapor emissions control systems. Passavant decl. at ¶ 10. Agency staff members "considered and debated" the conclusions of the NHTSA study and the safety of onboard vapor control systems. Thus the documents in dispute were generated "in consideration of the policies surrounding the establishment of appropriate controls for the recovery of refueling vapors," i.e., the Final Agency Action on Onboard Controls. *Id.* Accordingly, the Court is satisfied that agency staff members generated the documents as "a direct part of the deliberative process" leading up to the agency's final

---

3. Plaintiff argues that the Court should require defendant to demonstrate that the documents are "essential element[s]" of the deliberative process. *See Parke, Davis & Co. v. Califano,* 623 F.2d 1, 6 (6th Cir.1980). Thus they claim that defendant must specifically delineate the role each document played in the decisionmaking hierarchy. Defendant contends that plaintiff seeks to impose far too stringent requirements on the *Vaughn* declaration. As this Court has previously maintained in addressing the specificity demanded within the deliberative process privilege, "[t]he parties are dealing in subtle distinctions. Documents must be 'a direct part of the deliberative process.'" *Covington & Burling v. Food & Nutrition Serv.,* 744 F.Supp. 314, 320 (D.D.C.1990) (quoting *Vaughn,* 523 F.2d at 1143–44).

4. Document number 27 is a memorandum from an EPA project manager to a member of the

Office of General Counsel regarding the application of the Clean Air Act Amendments' provision for an onboard emissions control system. Passavant decl. at ¶ 11. The document contains a "discussion of the meaning of the statutory authority for rulemaking relating to vapor recovery and the proper rule to satisfy the statutory requirements." *Id.* The "discussion" therein clearly involved an analysis of how the agency might satisfy the Clean Air Act Amendments' requirement for onboard control systems. Accordingly, the Court finds that document number 27 involves recommendations on legal matters and thus falls within the deliberative process privilege. *See Vaughn,* 523 F.2d at 1144. Therefore, the Court need not address defendant's claims of the attorney-client privilege and attorney work-product doctrine.

action. *Vaughn*, 523 F.2d at 1143–44. Because defendant meets both the predecisional and deliberative requirements, the Court finds that defendant may properly invoke the deliberative process privilege as a justification for withholding the documents under exemption 5 of the FOIA. Thus, plaintiff's motion for summary judgment is denied in part.

## B. Segregability

Plaintiff also contends that even if the documents may be withheld under exemption 5, defendant has failed to segregate and disclose factual information from the documents. Defendant makes two assertions in response. First, the agency claims that the redaction of information from three of the 14 withheld documents demonstrates that it evaluated the contents of each document and withheld only those segments covered by exemption 5. In addition, defendant contends that because the facts found in the documents are derived from the publicly released NHTSA study, the agency need not provide redacted versions of the documents.

█ Under the FOIA, an agency has a statutory duty to release all reasonably segregable factual portions of withheld documents. 5 U.S.C. § 552(b); *see Mink*, 410 U.S. at 89, 93 S.Ct. at 837 ("Virtually all of the courts that have thus far applied Exemption 5 have recognized that it requires different treatment for materials reflecting deliberative or policy-making processes on the one hand, and purely factual, investigative matters on the other." (footnote omitted)); *Mead Data Cent.*, 566 F.2d at 260 ("The focus of the FOIA is information, not documents, and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material."). Accordingly, factual material that is severable from the opinions or recommendations in a document must be disclosed. *See, e.g., The Army Times Publishing Co. v. Department*

of the Air Force, 998 F.2d 1067, 1071–72 (D.C.Cir.1993); *PHE, Inc. v. Department of Justice*, 983 F.2d 248, 252 (D.C.Cir.1993); *Paisley*, 712 F.2d at 699.

Some factual information may be exempted, however, if it is intertwined with deliberative material. *See id.* ("[E]ven factual material may come within Exemption 5 if 'the manner of selecting or presenting those facts would reveal the deliberative process, or if the facts are 'inextricably intertwined' with the policymaking process." (quoting *Ryan v. Department of Justice*, 617 F.2d 781, 790 (D.C.Cir.1980))); *Mead Data Cent.*, 566 F.2d at 256 ("[i]n some circumstances, however, the disclosure of even purely factual material may so expose the deliberative process within an agency that it must be deemed exempted by section 552(b)(5)." (footnote omitted)).

█ The documents in dispute primarily evaluate various sections of the NHTSA study. It is likely that they contain factual synopses reviewing the NHTSA findings.[5] If such factual material is intertwined with the opinions or analyses protected by exemption 5, then such material is exempt. In addition, if the agency staff utilized factual information in a way that would "expose the deliberative process," then such material is exempt. *See Mead Data Cent.*, 566 F.2d at 256. If, however, the documents contain independent portions of factual material, these segments must be released. Here, defendant has presented the Court with insufficient information regarding factual material withheld within the documents exempted in their entirety. Thus, the Court remands to the EPA to review the 11 documents withheld in full (document numbers 18, 19, 22, 27, 28, 31, 32, 39, 40, 64, and 66) and disclose segregable portions or provide explanations why such factual material may be withheld. *See Army Times*, 998 F.2d at 1071–72; *PHE, Inc.*, 983 F.2d at 252. As a result, plaintiff's motion for summary judgment is granted in part and

---

**5.** Released document number 29, for example, reveals that significant factual portions drawn from the NHTSA study are present within an agency staff analysis and critique. *See* Plaintiff's Ex. 19.

Moreover, some of the agency's own descriptions of the withheld documents indicate that segregable segments may be present. *See* Passavant decl. at ¶ 11 (stating that document number 28 "contains *a list of essential points of NHTSA findings and conclusions,* an analysis of NHTSA findings, and conclusions on the utility of the study" (emphasis added)).

defendant's motion for summary judgment is denied in part with respect to those documents withheld in their entirety. The Court grants summary judgment in favor of defendant with respect to those documents previously released in redacted form (numbers 17, 61, and 62).

### Conclusion

For the reasons stated, the Court grants in part and denies in part both defendant's and plaintiff's motions for summary judgment. Because the Court finds that the agency may rightfully withhold the documents under the deliberative process privilege of exemption 5, summary judgment for defendant is granted with respect to those documents already redacted. Accordingly, summary judgment for plaintiff is denied in part. The Court remands to defendant to release segregable portions of the documents withheld in whole or to submit additional information regarding the segregability of the factual material therein. Thus summary judgment for plaintiff is granted in part and summary judgment for defendant is denied in part.