Mr. Randall Mathis, Director Arkansas Department of Pollution Control and Ecology 8001 National Drive P.O. Box 8913 Little Rock, Arkansas 72219-8913
Dear Mr. Mathis:
This is in response to your request for an opinion on whether the Department of Pollution Control and Ecology ("PCE") should honor a "Freedom of Information Act" request for documents submitted to PCE by the U.S. Environmental Protection Agency ("EPA"). You have phrased your specific question as follows:
 Do documents claimed confidential by a federal agency pursuant to the federal FOIA — 5 U.S.C. § 552 — satisfy the exemption from disclosure set out in the state FOIA at A.C.A. § 25-19-105(a)? Alternately, does the Supremacy Clause of the U.S. Constitution compel a state agency to maintain the confidentiality of documents provided by a federal agency concerning proposed enforcement actions?
You indicate specifically that PCE has received correspondence recently from EPA officials, including a "draft notice of violation" or "NOV," that the EPA has prepared regarding a company in Arkansas. In correspondence from the EPA to PCE, it is noted that the EPA had agreed to share the draft NOV with the involved states to provide a brief opportunity for review and comment prior to the actual issuance of the NOV. The correspondence notes prominently that the draft document is confidential and should be restricted to personnel within PCE.
You also note that an attorney for the company named in the draft NOV learned from sources outside of PCE that the draft document was in the hands of PCE, and has requested, under the state FOIA, a copy of the draft document and any other such documents received by PCE in the last thirty days. The EPA has taken the position that the Arkansas FOIA does not require the release of these documents because the federal FOIA exemption for "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" (see 5 U.S.C. § 552(b)(5)), which the EPA contends is applicable to these documents, is a "law specifically enacted to provide otherwise" under A.C.A. §25-19-105(a) (the catchall exemption of the state FOIA).
It is my opinion that the answer to the first part of your question above is "yes," assuming that the documents have not only been "claimed" confidential, but are actually exempt as a matter of fact and law from the provisions of the federal FOIA. The pertinent federal exemption from the federal FOIA for "inter-agency or intra-agency memorandums or letters . . ." was discussed recently in American Petroleum Institute v. E.P.A.,846 F. Supp. 83 (1994), as follows:
 This exemption applies to those documents normally privileged in the discovery context. [Citations omitted.] Thus exemption 5 covers "documents `reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" NLRB v. Sears, Roebuck Co., 421 U.S. at 150, 95 S.Ct. at 1516 (citation omitted); see also Coastal States Gas Corp. v. Department of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980) (including within the exemption "recommendations, draft documents,
proposals, suggestions, and other subjective documents which reflect the personal opinion of the writer rather than the policy of the agency"). . . . The withholding of documents under exemption 5 "rest[s] fundamentally on the conclusion that, unless protected from public disclosure, information of that type would not flow freely within the agency." [Citation omitted.] Accordingly, three specific privileges allow an agency to withhold documents: the deliberative process privilege, the attorney-client privilege, and the attorney-work-product doctrine. [Citation omitted.] . . . "In deciding whether a document should be protected by the [deliberative process] privilege we look to whether the document is `predecisional' — whether it was generated before the adoption of an agency policy — and whether the document is `deliberative' — whether it reflects the give-and-take of the consultative process." Coastal, 617 F.2d at 866.
 846 F. Supp. at 87, 88.
The EPA contends that the draft document is "attorney work product, falls within the deliberative process privilege, and is a document prepared in anticipation of litigation." Although this office is not in a position to definitively interpret the federal FOIA, and has not been provided with a copy of the draft NOV, it would appear that as a "draft document" the draft NOV would fall within the exemption above, unless the exemption has been waived.[1] If exempt under the federal FOIA, and the federal agency involved claims the exemption, it is my opinion that the federally created document is exempt from the Arkansas FOIA under A.C.A. § 25-19-105(a). It has been stated that:
 . . . [F]ederal law may affect access to records under the Arkansas FOIA by requiring that certain information be kept confidential. By virtue of the Supremacy Clause of Article VI of the U.S. Constitution, any federal confidentiality requirements would supersede a state statute mandating public disclosure. As the Attorney General has observed, `federal law will control in the event of conflict with state law.'
Watkins, Freedom of Information Act (mm Press, 2d ed. 1993) at 147.
Although the federal Freedom of Information Act is not, strictly speaking, a "confidentiality requirement" (its exemption provisions are permissive rather than mandatory, GTE Sylvania,Inc. v. Consumer Product Safety Commission, 598 F.2d 790
(C.A.Del. 1979) aff'd. 447 U.S. 102), it is my opinion that with regard to these federal documents, the invocation of the federal FOIA's exemption provisions by the EPA triggers the applicability of the state FOIA's exemption for records which are exempted by "laws specifically enacted to provide otherwise." There is no question that the relevant exemption from the federal FOIA is a law "specifically enacted" to provide for exemption of documents from public disclosure.
It is therefore my opinion that the answer to the first part of your question is "yes," as long as the documents are actually eligible for exemption under the federal FOIA. The draft NOV is thus in all likelihood exempt from the Arkansas FOIA as a matter of Arkansas statutory law. Resolution of the second part of your question, regarding the Supremacy Clause, is unnecessary to the extent the documents are exempt by virtue of an Arkansas statute. It has been stated, however, that the Supremacy Clause would require exemption where federal regulations such as 40 C.F.R. § 2.118, which might not qualify as a "law" specifically enacted to provide otherwise, authorize confidentiality. Such regulations have the force of law and are covered by the Supremacy Clause.See generally, Watkins, supra at 154.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
[1] Voluntary disclosure of information may waive an otherwise valid FOIA exemption. Mehl v. U.S.E.P.A., 797 F. Supp. 43
(D.D.C. 1992). The existence and scope of the waiver depends upon the scope of the disclosure. Id. at 47. The person asserting waiver of a FOIA exemption must show that the withheld information has already been specifically revealed to the public and that it appears to duplicate that being withheld. [Citation omitted.] Id. at 47.