**LOCAL 3, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Plaintiff–Appellant,**

v.

**NATIONAL LABOR RELATIONS BOARD, Defendant–Appellee.**

No. 910, Docket 87–6283.

United States Court of Appeals, Second Circuit.

Argued March 23, 1988.

Decided May 5, 1988.

Norman Rothfeld, New York City, for plaintiff-appellant.

Corinna L. Metcalf, N.L.R.B., Washington, D.C. (Margery E. Lieber, Asst. Gen. Counsel for Special Litigation, Rosemary M. Collyer, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, of counsel), for defendant-appellee.

Before KAUFMAN, CARDAMONE, and PIERCE, Circuit Judges.

CARDAMONE, Circuit Judge:

Plaintiff Local 3, International Brotherhood of Electrical Workers, AFL–CIO (Local 3) appeals from the October 8, 1987 opinion and order of the United States District Court for the Southern District of New York (Stanton, J.) which granted the defendant National Labor Relations Board's (NLRB or the Board) motion for summary judgment and denied Local 3's motion to compel the production of documents under the Freedom of Information Act (FOIA). The documents sought by Local 3 are NLRB intra-agency memoranda and lists of employee names and addresses. Local 3's bootstrap approach to obtaining the names of employees it seeks to represent without first demonstrating sufficient interest in having Local 3 represent the bargaining unit puts the cart before the horse and cannot succeed.

I

This FOIA case is collateral to an ongoing representation proceeding. Local 3 seeks to become the certified bargaining agent for electricians, maintenance mechanics, and helpers employed by members

of the United Construction Contractors Association (UCCA) in the New York area. Many of these employees are already represented by the Industrial and Allied Trade Workers Local 363 (the Teamsters). In April, 1986 Local 3 filed 50 representation petitions under § 9(c) of the Labor Management Relations Act with the NLRB Regional Director. Before ordering an election, the NLRB requires that Local 3 show that it is acting on behalf of a substantial number of employees, defined as more than 30 percent of the bargaining unit. 29 C.F.R. § 101.18 (1987). The Regional Director dismissed without a hearing Local 3's petitions on the ground of insufficient interest. Local 3 appealed the decision and the NLRB remanded the case to the Regional Director on April 28, 1987 for further investigation as to the sufficiency of interest. The petitions were again dismissed and, according to the Board's attorney at oral argument, the issue is not at this time before the Board.

On June 3, 1986 Local 3 requested pursuant to FOIA that the NLRB provide copies of all documents pertaining to the Regional Director's initial decision to dismiss its petitions. The Regional Director denied this application on the ground that the documents were exempted from FOIA. Upon appeal, the NLRB's General Counsel upheld the Regional Director. The NLRB has provided Local 3 with the names and addresses of UCCA employers. On September 5, 1986 the instant action was filed in the Southern District pursuant to a provision of the Freedom of Information Act that states

[o]n complaint, the district court of the United States ... has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly with held from the complainant.

5 U.S.C. § 552(a)(4)(B) (1982). The NLRB submitted a detailed affidavit describing the requested documents. Local 3 moved for discovery of these documents pursuant to Fed.R.Civ.P. 37.

On October 8, 1987 the district court held that the requested documents were ex-

empted from disclosure by FOIA. It held that documents A-2, A-3, B-2, C-1, C-2, C-3, D-1, D-3, D-4, E-1, E-2, E-3, E-4, F-1, and F-5—NLRB documents concerning the denial of Local 3's petition and cases involving UCCA employers—were exempted under § 552(b)(5) as documents reflecting the NLRB's deliberative process. Documents "A-2 [sic], B-1, C-4, D-2, F-2, F-3, F-4, and G"—employee and payroll records for the Teamsters and UCCA members—were exempted under § 552(b)(6) as files which, if disclosed, would constitute a clearly unwarranted invasion of privacy. "A-2" was inadvertently specified when it was obvious that the court intended to refer to document *A-1*, a printout list of the Teamster's members, including name, member status, address, birthdate and social security number. Having found all the documents exempted from disclosure, the district court granted the NLRB's motion for summary judgment and denied Local 3's motion to compel production of these documents. Local 3 appeals. We affirm.

## II

■ Local 3 first contends that the district court failed to rule on its Rule 37 discovery motion. The opposite is the fact. The district court stated that Local 3's "motion to compel the production of documents under the FOIA is denied." Discovery in a FOIA action is permitted in order to determine whether a complete disclosure of documents has been made and whether those withheld are exempt from disclosure. *See Giza v. Secretary of Health, Educ. & Welfare*, 628 F.2d 748, 751 (1st Cir.1980). In other words, the essence of such an action is to determine whether a party has a right to receive the agency documents. Discovery here would essentially grant Local 3 the substantive relief it requests: disclosure of documents that the NLRB claims are exempt. Thus, Local 3 is not entitled to discovery of documents claimed to be exempt.

■ Local 3 further argues that, absent discovery, the district court was required to conduct an *in camera* review of the disputed documents. FOIA provides that

"the [district] court ... *may* examine the contents of such agency records in camera to determine whether such records" are exempted. 5 U.S.C. § 552(a)(4)(B) (1982) (emphasis added). *In camera* review is considered the exception, not the rule, and the propriety of such review is a matter entrusted to the district court's discretion. *See Donovan v. F.B.I.,* 806 F.2d 55, 59 (2d Cir.1986); *see also Mead Data Cent., Inc. v. United States Dep't of the Air Force,* 566 F.2d 242, 250 n. 10 (D.C.Cir.1977) ("*In camera* inspection of disputed documents places very burdensome demands on federal trial courts...."). Here, the NLRB's detailed affidavit was sufficient to provide a basis for the district court's ruling. *See Donovan,* 806 F.2d at 59 (*in camera* inspection unnecessary if affidavits are sufficiently detailed); *Founding Church of Scientology v. National Security Agency,* 610 F.2d 824, 830 (D.C.Cir.1979) (*in camera* inspection might be in order if court cannot sustain nondivulgence on the basis of affidavits). Consequently, the absence of *in camera* review of the NLRB documents was not an abuse of the district court's discretion.

### III

■ The thrust of the Freedom of Information Act is to open the records of federal agencies to the public and it "seeks 'to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language.'" *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 136, 95 S.Ct. 1504, 1509, 44 L.Ed.2d 29 (1975) (quoting S.Rep. No. 813, 89th Cong., 1st Sess. 3 (1965)). There are nine exemptions to disclosure set forth in the Act, each of which is to be narrowly construed with all doubts resolved in favor of disclosure. *See Department of the Air Force v. Rose,* 425 U.S. 352, 361–62, 96 S.Ct. 1592, 1599–1600, 48 L.Ed.2d 11 (1976).

■ Subsection (b)(5) of § 552 provides an exemption for "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." The district court found that 15 of the disputed documents—all NLRB memoranda or reports to NLRB officials concerning ongoing cases—were exempt under this section. Subsection (b)(5) covers documents "routinely" or "normally" privileged in civil discovery. *See Sears, Roebuck,* 421 U.S. at 149 & n. 16, 95 S.Ct. at 1516 n. 16. One of these privileges is the "deliberative process privilege." For this privilege to apply, an agency document must be (1) predecisional and (2) deliberative—that is, indicative of the agency's thought processes. *Paisley v. Central Intelligence Agency,* 712 F.2d 686, 698 (D.C. Cir.1983), *vacated in part on other grounds,* 724 F.2d 201 (D.C.Cir.1984). Purely factual material not reflecting the agency's deliberative process is not protected. *Id.*

■ The 15 documents at issue are within the deliberative process exception. Each is a brief, intra-agency memorandum to officers and agents in the NLRB. Several summarize an agent's analysis of a particular NLRB case. Others give recommended dispositions of cases. Local 3 claims that any factual material contained in these documents should be disclosed to it with the deliberative parts redacted. *See* 5 U.S.C. § 552(b) ("Any *reasonably* segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt....") (emphasis added). But the documents in the instant case are so short—from one to six pages—that stripping them down to their bare-bone facts would render them either nonsensical or perhaps too illuminating of the agency's deliberative process. In either case the trial court's exemption of documents under (b)(5) is affirmed.

### IV

Subsection (b)(6) of § 552 exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." This exemption "applies only to facts which, if public, 'could subject the person to harassment, disgrace, loss of employment, or friends.'" *American Federation of Gov't Employees, Local*

*1760 v. Federal Labor Relations Auth.*, 786 F.2d 554, 556 (2d Cir.1986) (quoting *Brown v. Federal Bureau of Investigation*, 658 F.2d 71, 75 (2d Cir.1981)). The district court found exempted under subsection (b)(6) Teamster and UCCA employer lists containing employees' names, addresses, birthdates, social security numbers, sex and marital status, union membership, wages, and tax information.

■ These files are clearly "similar files." *See United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 600, 102 S.Ct. 1957, 1960–61, 72 L.Ed.2d 358 (1982) ("similar files" should be read broadly). Determining whether disclosure of documents would result in "a clearly unwarranted invasion of personal privacy" involves a balancing of the Union's need and intended use for the files with the employees' privacy interests. *Local 1760*, 786 F.2d at 556; *see also United States Dep't of the Air Force v. Federal Labor Relations Auth.*, 838 F.2d 229, 233 (7th Cir. 1988) (dispositive inquiry is legitimate use). In *Local 1760*, the Social Security Administration was required to disclose to Local 1760 names and addresses of employees in the bargaining unit that Local 1760 already represented. 786 F.2d at 557. In that case we noted that the average employee had a modest, but not a compelling privacy interest in his or her address. *Id.* at 556–57. Turning to Local 1760's need—and adopting the ALJ's finding that the Union's alternative means of communication to its members (bulletin boards, etc.) were inadequate—we held that the public interest in promoting collective bargaining, which Local 1760 was attempting to implement as the employees' certified bargaining agent, tipped the scales in favor of disclosure. *Id.* at 557.

■ Local 3 is not the UCCA employees' bargaining representative. Under such circumstances the public and private interests are balanced by the Board through its *"Excelsior* Rule." Pursuant to this Rule, after a union has shown sufficient employee interest (30%) and the Board has ordered an election, the employer is required to file a list of its employees' names and addresses.

*Excelsior Underwear, Inc.*, 156 N.L.R.B. 1236, 1239–40 (1966); *see NLRB v. Wyman–Gordon Co.*, 394 U.S. 759, 763, 89 S.Ct. 1426, 1428, 22 L.Ed.2d 709 (1969). If Local 3 were to obtain these lists before demonstrating sufficient numerical employee interest to force an election it would effectively circumvent the *Excelsior* Rule. In sum, the strong union interests present in *Local 1760* devolving from status as a certified bargaining representative are absent here.

Yet, Local 3's role as a rival union is not determinative of a (b)(6) exemption inquiry. It is also significant that given its knowledge of the names and addresses of UCCA employers alternative means are adequate in our view to satisfy Local 3's need for employee names and addresses. It has available the established and traditional means of garnering support such as, for example, soliciting at entrances to worksites. Here, there is no allegation either that these means are unworkable or that Local 3 has another legitimate use for the information apart from challenging an otherwise unreviewable representation proceeding.

Local 3 maintains that it must gain access to the employee lists to check whether employers culled non-Teamster employees from the payroll records they sent to the Regional Director of the NLRB, thus reducing Local 3's demonstration of interest. The NLRB is charged with the obligation to investigate all election petitions and, we presume, has already inquired into this matter. Thus, Local 3's interest here is also meritless. We conclude therefore that the availability of alternative methods of communication coupled with Local 3's status as a rival union bars disclosure of employee names and addresses. In this case their disclosure would constitute "a clearly unwarranted invasion of personal privacy."

**V**

Accordingly, the judgment of the district court is affirmed.