**Vincent J. TARULLO**

v.

**UNITED STATES DEPARTMENT OF DEFENSE.**

**No. 3:00CV2462(JBA).**

United States District Court,
D. Connecticut.

Oct. 18, 2001.

Samuel M. Rizzitelli, Jr., Derby, CT, for plaintiff.

Alan M. Soloway, Heather R. Epstein, U.S. Attorney's Office, New Haven, CT, for defendant.

## RULING ON MOTION FOR SUMMARY JUDGMENT
### [Doc. # 10]

ARTERTON, District Judge.

Plaintiff Vincent Tarullo filed this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action seeking injunctive, declaratory and equitable relief after the United States Department of Defense, Defense Contract Audit Agency ("DCAA") denied his request for information regarding a particular audit. According to DCAA's response to plaintiff's request, the one document identified during its search for responsive documents, a memorandum to the Regional Director of DCAA, is exempt from production because it is protected by the deliberative process privilege. DCAA has moved for summary judgment on the grounds that its search was reasonably calculated to retrieve relevant documents, that the memorandum is protected by Exemption 5 of FOIA, and that there are no segregable parts of the memorandum which could be redacted and produced to plaintiff.

### Background

The following facts are not in dispute. Vincent Tarullo is an employee of DCAA at the Greater Connecticut Branch Office in Hartford, Connecticut. By letter dated September 15, 2000, Samuel Rizzitelli, Jr. submitted a FOIA request to DCAA headquarters seeking "[a]ny reports, correspondence, memorandums, notes, working papers, and any other documents issued or prepared by Mr. Lewis Sullivan of the DCAA Northeastern Region in connection with or pertaining to the Morganti audit."[1] The Morganti audit was performed by the Long Island and Greater Connecticut branches of DCAA for the Bureau of Prisons for use in civil litigation, and was not prepared in a timely manner.

Upon receipt of the request, David Dzivak, DCAA Regional Director, Northeastern Region, contacted Sullivan to search for responsive records. Sullivan identified one record, a July 7, 2000 Memorandum to the Regional Director, which he had prepared regarding the Morganti audit. Dzivak reviewed the document and determined that it was exempt from production under FOIA exception 5, as it reflected the agency's deliberative process. On October 19, 2000, DCAA wrote to plaintiff informing him of the decision to withhold the memorandum.[2] Although Mr. Tarullo pursued his request through the appropriate administrative channels, he was unable to procure the withheld document, and this lawsuit ensued.

### Discussion

At issue here are whether the search conducted by DCAA in response to plaintiff's FOIA request was reasonable, whether the document produced for in camera review is properly withheld under the deliberative process exemption, and if so, whether any segregable non-exempt por-

---

**1.** Although Mr. Rizzitelli did not identify Mr. Tarullo as the client on whose behalf he sought the DCAA information, it is undisputed that the request was submitted on Mr. Tarullo's behalf.

**2.** DCAA has produced this document, a five page memorandum, for *in camera* review. Courts have noted that "[i]n camera review is particularly appropriate when the documents withheld are brief and limited in number." *Maynard v. Central Intelligence Agency*, 986 F.2d 547, 558 (1st Cir.1993); *accord Ingle v. Department of Justice*, 698 F.2d 259, 264 (6th Cir.1983) ("full in camera reviews are appropriate in cases involving a very limited number of relatively brief documents").

tion of that document must be ordered produced.

The FOIA requires that agency records be made available promptly upon a request that "reasonably describes such records and ... is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3). The Act "adopts as its most basic premise a policy strongly favoring public disclosure of information in the possession of federal agencies." *Halpern v. Federal Bureau of Investigation*, 181 F.3d 279, 286 (2d Cir. 1999). To further this policy, exemptions from production are to be narrowly construed. *Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir.1999) (citing *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1245 (4th Cir.1994); *Local 3, Int'l Bhd. Of Elec. Workers v. NLRB*, 845 F.2d 1177, 1180 (2d Cir.1988)). The agency's response to a FOIA request is subject to *de novo* judicial review. 5 U.S.C. § 552(a)(4)(B); *Hopkins v. Department of Housing and Urban Dev.*, 929 F.2d 81, 83 (2d Cir.1991).

To prevail on a motion for summary judgment in a FOIA case, the defending agency bears the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA. *See* 5 U.S.C. § 552(a)(4)(B); *EPA v. Mink*, 410 U.S. 73, 79, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973); *Carney v. Department of Justice*, 19 F.3d 807, 812 (2d Cir.1994). As with any motion for summary judgment, all inferences are drawn in favor of the non-moving party. *Devine v. United States*, 202 F.3d 547, 550 (2d Cir.2000).

### 1. Adequacy of the search

To meet its burden as to the adequacy of the search, "the agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." *Steinberg v. Department of Justice*, 23 F.3d 548, 551 (D.C.Cir. 1994) (internal quotations and citation omitted); *accord Oglesby v. Department of the Army*, 920 F.2d 57, 68 (D.C.Cir.1990) ("In order to obtain summary judgment the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."). "Affidavits ... supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Carney*, 19 F.3d at 812.

As the DC Circuit has observed:

> [T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate. The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith.

*Weisberg v. Department of Justice*, 745 F.2d 1476, 1485 (D.C.Cir.1984) (internal quotations and citations omitted).

"A reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched, is necessary to afford a FOIA requester an opportunity to challenge the adequacy of the search and to allow the district court to determine if the search was adequate in order to grant summary judgment." *Oglesby*, 920 F.2d at 68. Such an affidavit

"should, at a minimum, describe in reasonable detail the scope and method by which the search was conducted." *Maynard,* 986 F.2d at 559.

■ Here, the declaration of David Dzivak submitted by DCAA falls well short of the required specificity. Dzivak states only that "[u]pon receiving the FOIA request, I contacted Mr. Sullivan and asked him to identify all records responsive to the request. Mr. Sullivan identified one such record, a Memorandum to the Regional Director that he had prepared regarding the Morganti Audit, dated July 7, 2000." Dzivak Dec. ¶¶ 3, 4. Although DCAA "need not submit an affidavit from the employee who actually conducted the search" and may instead "rely on an affidavit of an agency employee responsible for supervising the search," *Maynard,* 986 F.2d at 560; *accord Carney,* 19 F.3d at 814, the absence of any description in Dzivak's declaration of the scope and nature of the search conducted by Mr. Sullivan makes it impossible for the Court to determine on this record as a matter of law that Sullivan's search was reasonably calculated to recover all relevant documents. *Cf. Steinberg,* 23 F.3d at 551–52 (denying summary judgment where agency affidavit stated only that agency " 'contacted the [Boston] United States Attorney's Office and was informed that no records responsive to the request had been located' "); *Weisberg v. Department of Justice,* 627 F.2d 365, 370 (D.C.Cir.1980) (affidavit stating only that " 'I have conducted a review of FBI files which would contain information that Mr. Weisberg has requested.... The FBI files to the best of my knowledge

do not include any information requested by Mr. Weisberg other than the information made available to him' " was insufficient as a matter of law).

■ Where, as here, an agency fails to establish through sufficiently detailed affidavits that its search was reasonable, and the FOIA requester shows that the agency might have discovered a responsive document had the agency conducted a reasonable search, summary judgment should be denied. *See Weisberg v. Department of Justice,* 705 F.2d 1344, 1351 (D.C.Cir. 1983). While hypothetical assertions as to the existence of unproduced responsive documents are insufficient to create a dispute of material fact as to the reasonableness of the search, plaintiff here has identified an email from Sullivan to him dated May 24, 2000 regarding the Morganti Audit (Exhibit A) which appears to be responsive to the request he submitted as it is a document prepared in connection with the Morganti audit. *Cf. Oglesby,* 920 F.2d at 68 n. 13; *Meeropol v. Meese,* 790 F.2d 942, 952–53 (D.C.Cir.1986). Defendant's motion for summary judgment on the reasonableness of its search is therefore denied.[3]

### 2. *Applicability of Exemption 5*

■ In support of its decision to withhold the July 7, 2000 memorandum, DCAA relies on the fifth FOIA exemption, which exempts from production "inter-agency or intra-agency memorandums [sic] or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).

---

**3.** Because the Court finds Dzivak's declaration inadequate as a matter of law, the Court does not reach plaintiff's arguments that the agency affidavit should not be given the standard presumption of good faith because Dzivak already possessed the memorandum or because Dzivak failed to ask other employees who might have contributed to Sullivan's investigation during the Morganti audit for responsive documents. *Cf. Carney,* 19 F.3d at 812 ("Affidavits submitted by an agency are 'accorded a presumption of good faith.' ") (quoting *SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1200 (D.C.Cir.1991)).

DCAA claims that the memorandum is protected by the "deliberative process" privilege, which shields from public disclosure confidential inter-agency memoranda on matters of law or policy. *See Grand Central Partnership*, 166 F.3d at 481; *Hopkins*, 929 F.2d at 84–85; *Wolfe v. Department of Health and Human Services*, 839 F.2d 768, 773 (D.C.Cir.1988) (en banc).

This exemption was

designed to safeguard and promote agency decisionmaking processes in at least three ways: it serves to assure that subordinates within an agency will feel free to provide the decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism; to protect against premature disclosure of proposed policies before they have been finally formulated or adopted; and to protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action.

*Grand Central Partnership*, 166 F.3d at 481 (citations and internal quotations omitted). As the Supreme Court has noted, "it would be impossible to have any frank discussions of legal or policy matters in writing if all such writings were to be subjected to public scrutiny." *EPA v. Mink*, 410 U.S. 73, 87, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973) (citing S.Rep. No. 813, 89th Cong., 1st Sess. 9 (1965)).

 A document must be both "predecisional" and "deliberative" to qualify for the deliberative process privilege. *Grand Central Partnership*, 166 F.3d at 481; *Hopkins*, 929 F.2d at 84. A document is considered "predecisional" when it is "prepared in order to assist an agency decisionmaker in arriving at his decision." *Hopkins*, 929 F.2d at 84. Thus, the privi-

lege "protects recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Grand Central Partnership*, 166 F.3d at 482 (internal quotations and citations omitted). However, the documents must "bear on the formulation or exercise of policy-oriented judgment" because the privilege does not protect documents which are "merely peripheral to actual policy formation." *Ethyl Corp.*, 25 F.3d at 1248; *accord Jordan v. Department of Justice*, 591 F.2d 753, 774 (D.C.Cir.1978). In order to be deemed "deliberative," the document must be "actually ... related to the process by which policies are formulated." *Hopkins*, 929 F.2d at 84.

 Thus, the privilege protects documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). It does not, "as a general matter, extend to purely factual material." *Hopkins*, 929 F.2d at 85; *see also Local 3, IBEW, AFL—CIO v. NLRB*, 845 F.2d 1177, 1180 (2d Cir. 1988) ("Purely factual material not reflecting the agency's deliberative process is not protected.").

 According to DCAA, the withheld memorandum "contains pre-decisional discussions and reflect [sic] the personal opinions of the writer. The document was prepared by Regional Audit Manager Lewis Sullivan for his superior, Regional Director, David E. Dzivak.... DCAA was candidly analyzing the audit process, evaluating the performance of the Branch Managers and Regional Audit Managers involved in the audit and identifying how

the Northeastern Region might more efficiently coordinate its audit process." Def. Br. at 11. In his declaration, Mr. Dzivak states that he requested that Mr. Sullivan provide his opinion about the process followed in the Morganti audit to assist Dzivak in making these evaluations. Dzivak Dec. ¶ 6.

Plaintiff argues that the memorandum is merely a description of how the agency performed under its then-existing policy. According to plaintiff, *Vaughn v. Rosen*, 523 F.2d 1136, 1145 (D.C.Cir.1975), held that future policy determinations are not agency decisions within the scope of exemption five because there is no legally enforceable obligation on the agency to take any action at all, and thus there is no assured final decision. Pl.Br. at 10.

However, the D.C. Circuit described the records at issue in *Vaughn* as " 'final *objective* analyses of agency performance under existing policy' [which] appear[ed] to be informational in nature. They provide the raw data upon which decisions can be made; they are not themselves a part of the decisional process." 523 F.2d at 1145. In addition, that court specifically held that "[w]e are *not* saying that a 'final decision' is necessary for there to be a 'deliberative process' which is protected by Exemption 5." *Id.* at 1146. After *in camera* review, the Court concludes that the memorandum at issue is both pre-decisional and deliberative. Here, in contrast to *Vaughn*, while Sullivan's memorandum contains some objective description of the facts providing a basis for his opinions, it consists primarily of specific subjective recommendations about future agency

conduct and policy and opinions as to the reasons for the needed changes in policy. Absent any evidence from which it could be inferred that Dzivak did not intend to change the agency policy in light of the difficulties encountered during the Morganti audit, the Court finds that the memorandum is thus related to Dzivak's decisionmaking process regarding how to better handle future audits.[4] As the memorandum was intended to be relied upon by Dzivak in assessing the actions taken by DCAA in the audit and determining a better course of action for the future, disclosure of this memorandum could prematurely disclose DCAA's views and future intentions, and could impede DCAA's ability to effectively manage its projects. *See Hopkins*, 929 F.2d at 85; *Grand Central Partnership*, 166 F.3d at 483.

Mr. Tarullo further argues that to the extent that the memorandum contains "any reasonably segregable portion[s]" those must be disclosed after redaction of the privileged portions. 5 U.S.C. § 552(b). However, where "factual observations are 'inextricably intertwined' with privileged opinions and recommendations such that disclosure would 'compromise the confidentiality of the deliberative information that is entitled to protection under Exemption 5,' " the information need not be disclosed. *Hopkins*, 929 F.2d at 85 (quoting *EPA v. Mink*, 410 U.S. 73, 92, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973)).

Although the Court agrees with Mr. Tarullo that the declaration submitted by defendant is inadequate to determine

---

4. In opposition to summary judgment, plaintiff submitted an declaration stating that the memorandum "was prepared as part of an attempt to cover-up and create a cover story for gross mismanagement, gross waste, and abuse of authority by DCAA management officials." Tarullo Dec. ¶ 10. However, this statement does not appear to be based on plaintiff's personal knowledge, *see* Fed. R.Civ.P. 56(e), and in any event does not create a factual dispute as to whether Dzivak requested the memorandum to assist in formulating a new policy change.

whether any reasonably segregable information must be disclosed, the Court's *in camera* review of the memorandum itself reveals that no such information exists. Although the document does summarize relevant facts, that summary is so intertwined with Sullivan's recommendations and opinions as to the course of future conduct such that production of a redacted version would be incomprehensible, and the very selection of facts could also reveal the nature of those recommendations and opinions. *See Local 3*, 845 F.2d at 1180 (no disclosure where documents are "so short—from one to six pages—that stripping them down to their bare-bone facts would render them either nonsensical or perhaps too illuminating of the agency's deliberative process"); *cf. Mapother v. Department of Justice*, 3 F.3d 1533, 1538–39 (D.C.Cir.1993) (where the selection of facts involves the formulation or exercise of policy-related judgment, disclosure of "factual summaries written to assist the making of a discretionary decision" is inappropriate).

### Conclusion

In summary, for the reasons set forth above, defendant's motion for summary judgment [Doc. # 10] is GRANTED IN PART AND DENIED IN PART. The Court finds that defendant Department of Defense has not met its burden of proving that it conducted a reasonable search as a matter of law, and the motion for summary judgment is therefore denied as to that claim. The Court also concludes, however, that defendant is entitled to withhold all of the July 7, 2000 memorandum pursuant to FOIA Exemption 5, the deliberative process privilege and grants summary judgment as to that claim.

IT IS SO ORDERED.