07-1384-cv
Associated Press v. United States Department of Justice

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

––––––––––––

August Term, 2008

(Argued: Oct. 24, 2008                                    Decided: December 1, 2008)

Docket No. 07-1384-cv

––––––––––––

ASSOCIATED PRESS,

*Plaintiff-Appellant*,

–v.–

UNITED STATES DEPARTMENT OF JUSTICE and its component, OFFICE OF THE PARDON ATTORNEY,

*Defendant-Appellee*.

––––––––––––

Before:

WESLEY and HALL, *Circuit Judges*, and OBERDORFER, *District Judge*.[*]

Appeal from a Memorandum and Order of the United States District Court for the Southern District of New York (Preska, J.), entered on March 8, 2007, dismissing appellant's complaint under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), and granting summary judgment in favor of the defendant-appellee.

AFFIRMED.

––––––––––––

[*] The Honorable Louis F. Oberdorfer, United States District Court for the District of Columbia, sitting by designation.

DAVID A. SCHULZ (Adam J. Rappaport, *on the brief*), Levine Sullivan Koch & Schulz L.L.P., New York, New York (David H. Tomlin, Associated Press, New York, New York, *of counsel*), *for Plaintiff-Appellant*.

ROSS E. MORRISON, Assistant United States Attorney (Sarah S. Normand, Assistant United States Attorney, *of counsel*), *for* Michael J. Garcia, United States Attorney for the Southern District of New York, New York, New York, *for Defendant-Appellee*.

───────────

PER CURIAM:

Appellant, Associated Press ("AP"), appeals from an order of the United States District Court for the Southern District of New York (Preska, J.), dismissing its Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B), complaint which alleged that the Department of Justice ("DOJ") improperly withheld the commutation petition filed by John Walker Lindh, and granting the DOJ's motion for summary judgment. We find that Lindh's petition for commutation is exempted from disclosure pursuant to Exemptions 6 and 7(C) of FOIA and affirm the judgment of the district court.

## BACKGROUND

In January of 2006, AP submitted a FOIA request to the DOJ, Office of the Pardon Attorney ("OPA"), for any petitions sent by John Walker Lindh to OPA seeking a reduction in his twenty-year prison sentence.[1] OPA denied the request, responding that the petition was exempt from disclosure pursuant to Exemptions 6 and 7(C) of FOIA. After the DOJ's Office of Information Privacy denied its administrative appeal, AP commenced this action, arguing that the FOIA privacy exemptions do not apply to Lindh's petition because the public interest in

---

[1] Lindh, the so-called "American Taliban," was sentenced in 2002 upon his plea of guilty to various crimes, including aiding the Taliban in Afghanistan.

2

understanding the circumstances surrounding his detention, plea, and conviction outweighs the importance of protecting any private information that may be contained in his petition. After ordering the government to submit a supplemental affidavit or other additional information to facilitate the court's review, and after receiving the DOJ's Supplemental Declaration executed on November 22, 2006, the district court granted summary judgment in favor of the DOJ. The district court found that the government had met its burden of showing that Lindh's privacy interest in the petition's contents outweigh any public interest served by disclosure and, thus, that the two FOIA exemptions apply. *Associated Press v. U.S. Dep't of Justice*, No. 06 Civ. 1758, 2007 WL 737476, at *7-8 (S.D.N.Y. Mar. 7, 2007).

## DISCUSSION

FOIA was enacted for the purpose of ensuring "an informed citizenry," and "hold[ing] the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). The statute requires federal agencies to make information available to the public and sets out the procedures by which requests for information may be made. 5 U.S.C. § 552(a). FOIA seeks to implement "a general philosophy of full agency disclosure." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 360 (1976) (quoting S. REP. NO. 813, 89th Cong., 1st Sess., 3 (1965)). It "calls for broad disclosure of Government records," *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 8 (1988) (internal quotation marks omitted), while maintaining a balance between "the public's right to know and the government's legitimate interest in keeping certain information confidential." *Center for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 925 (D.C. Cir. 2003) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989)).

As such, the statute provides for nine exemptions from the general rule of disclosure.

3

Exemptions 6 and 7(C) are aimed at protecting the privacy of personal information contained in government records. Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) protects records compiled for law enforcement purposes "to the extent that the production of such . . . information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). As the statutory language makes clear, the standard for evaluating the privacy interests implicated in records compiled for law enforcement purposes under Exemption 7(C) is "somewhat broader" than that applicable under Exemption 6 to personnel, medical, or other files. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 756 (1989). The burden is placed on the withholding agency to show that any withheld documents fall within an exemption of FOIA. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). Reasonably detailed affidavits or declarations explaining why any withheld documents fall within a particular exemption "are sufficient to sustain the agency's burden." *Id.*

AP concedes that the government has met the threshold requirements of Exemptions 6 and 7(C). Thus, we need only address whether Lindh's privacy interest outweighs any public interest that would be served by disclosure of the documents.

The privacy interests protected by the exemptions to FOIA are broadly construed. *See Reporters Comm.*, 489 U.S. at 763. Specifically, they embody the right of individuals "to determine for themselves when, how, and to what extent information about them is communicated to others." *Id.* at 764 n.16 (internal quotation marks omitted). This protection extends even to information previously made public. *Id.* at 763-64. Personal information,

including a citizen's name, address, and criminal history, has been found to implicate a privacy interest cognizable under the FOIA exemptions. *See, e.g.*, *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 497 (1994) (union employees' names and home addresses); *Reporters Comm.*, 489 U.S. at 780 (information contained in FBI rap sheets); *Rose*, 425 U.S. at 358 (cadets' names and other identifying information in disciplinary files); *Wood v. FBI*, 432 F.3d 78, 80-81 (2d Cir. 2005) (names and other identifying information about FBI agents responsible for conducting an administrative investigation of agent misconduct); *Judicial Watch, Inc. v. Dep't of Justice*, 365 F.3d 1108, 1109-10 (D.C. Cir. 2004) (personal information included in petitions for pardons).

Lindh's privacy interest in portions of his petition is clearly one cognizable under the exemptions of FOIA. A Petition for Commutation of Sentence requires the applicant to provide his name, social security number, date and place of birth, criminal record, conviction information, information about any post-conviction relief sought, a detailed account of the circumstances surrounding the offense, and a detailed explanation of the reasons clemency should be granted. The DOJ's Declaration of May 26, 2006, entitled to "a presumption of good faith," *Carney*, 19 F.3d at 812 (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)), confirms that Lindh's petition contains such personal information. Declaration of Samuel T. Morison at ¶ 5, *Associated Press v. U.S. Dep't of Justice*, 2007 WL 737476, No. 06 Civ. 1758 (S.D.N.Y. May 26, 2006). Thus, the government has met its burden of showing that the withheld documents contain the type of personal information found to be implicated by FOIA's privacy exemptions. *See, e.g.*, *Judicial Watch*, 365 F.3d at 1125-26.

Notwithstanding a document's private nature, FOIA may nevertheless require disclosure

if the requestor can show that revelation of the contents of the requested document would serve the public interest. The appropriateness of disclosure turns on the relationship of the requested document to FOIA's basic purpose of "open[ing] agency action to the light of public scrutiny." *Reporter's Comm.*, 489 U.S. at 772 (quoting *Rose*, 425 U.S. at 372) (internal quotations omitted). The only public interest found to be relevant in FOIA balancing is "the extent to which disclosure would serve the core purpose of the FOIA, which is contribut[ing] significantly to public understanding of the operations or activities of the government." *Fed. Labor Relations Auth.*, 510 U.S. at 495 (quoting *Reporters Comm.*, 489 U.S. at 775) (internal quotations and emphasis omitted) (alteration in original). Essentially, the requested document must produce information revealing "what . . . government is up to." *Reporters Comm.*, 489 U.S. at 773 (quoting *EPA v. Mink*, 410 U.S. 73, 105 (1973)) (internal quotations and emphasis omitted). The requesting party bears the burden of establishing that disclosure of personal information would serve a public interest cognizable under FOIA. *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

Here, AP has failed to demonstrate that disclosure of Lindh's petition would serve a cognizable public purpose such that it may not be withheld under the privacy exemptions. The DOJ's Supplemental Declaration states that none of the reasons Lindh poses to justify reduction of his twenty-year sentence "has anything to do with any alleged Government misconduct . . . and do not reveal what the 'government is up to.'" Supplemental Declaration of Samuel T. Morison at ¶ 2, *Associated Press v. U.S. Dep't of Justice*, No. 06 Civ. 1758 (S.D.N.Y. Nov. 22, 2006). AP has not asserted that the DOJ's declarations were made in bad faith, and has further failed to show how Lindh's petition, containing private, personal information, would in any way shed

6

light on the DOJ's conduct. *See Reporters Comm.*, 489 U.S. at 774-75 (finding that disclosure of an FBI rap sheet, while arguably revealing some information of interest to the public, would not serve the required FOIA public interest of revealing the government agency's processes). Because we find that a significant privacy interest is implicated in release of Lindh's petition, and that AP has failed to show that release of the information would shed light on the workings of government, we must conclude that the district court did not err in holding Lindh's petition exempt from disclosure under FOIA Exemptions 6 and 7(C).[2]

Finally, the district court did not abuse its discretion in failing to conduct an *in camera* review of the requested documents. Under 5 U.S.C. § 552(a)(4)(B), district courts are authorized to conduct *in camera* review of disputed documents to determine whether the documents, in whole or part, are properly withheld under a FOIA exemption. *In camera* review is appropriate where the government seeks to exempt entire documents but provides only vague or sweeping claims as to why those documents should be withheld. *See Local 3, Int'l Bhd. of Elec. Workers, AFL-CIO v. NLRB*, 845 F.2d 1177, 1180 (2d Cir. 1988). Only if the government's affidavits make it effectively impossible for the court to conduct de novo review of the applicability of FOIA exemptions is *in camera* review necessary. *Id.*; *see also Donovan v. FBI*, 806 F.2d 55, 59 (2d Cir. 1986) (stating that sufficiently detailed affidavits obviate the need for *in camera* review),

---

[2] In so holding, we note that counsel for John Walker Lindh was contacted to ascertain whether Mr. Lindh would consent to the release of his petition, in whole or part, thus obviating the need for this appeal. Mr. Lindh's counsel responded indicating his willingness to consent to release of the petition, redacted to protect any information that might compromise Lindh's privacy or safety. AP and Mr. Lindh's counsel ultimately could not reach an agreement as to the terms of the petition's release, in particular, as to the redactions. Because AP is unsatisfied with Lindh's offer to release the petition redacted only to the extent necessary to protect his personal privacy and safety, it is difficult to escape the conclusion that AP seeks release of purely private information.

*abrogated on other grounds by U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 170 (1993). Ultimately, the decision is entrusted to the district court's discretion. *Local 3*, 845 F.2d at 1180. The district court found the DOJ's declarations in support of its refusal of AP's FOIA claims sufficiently informative to make a determination as to the applicability of the exemptions, and, thus, did not undertake *in camera* review. In light of the relatively detailed nature of the declarations, we find that this was not an abuse of the district court's discretion.

## CONCLUSION

For the forgoing reasons, the district court's order dismissing appellant's complaint under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), is hereby AFFIRMED.