HARTLAND GLEN DEVELOPMENT, LLC v HARTLAND TWP, No. 151633; Court of Appeals No. 318843.

PEOPLE V KEVIN MOORE, No. 151748; Court of Appeals No. 318661.

PEOPLE V MCLAUGHLIN, No. 152034; Court of Appeals No. 327170.

PEOPLE V PACE, No. 152070; reported below: 311 Mich App 1.

PEOPLE V ROBERT FOSTER, No. 152139; Court of Appeals No. 320868.

ESPN, INC V MICHIGAN STATE UNIVERSITY, No. 152372; reported below: 311 Mich App 662. By order of October 16, 2015, this Court granted immediate consideration and ordered a stay of trial court proceedings. On order of the Court, the plaintiff's motion for immediate consideration is granted. The application for leave to appeal the August 18, 2015 judgment of the Court of Appeals is considered, and it is denied, because we are not persuaded that the question presented should be reviewed by this Court. The stay of trial court proceedings, ordered on October 16, 2015, is dissolved.

MARKMAN, J. (*dissenting*). I respectfully dissent from this Court's order denying leave to appeal and would instead grant leave to appeal to address the proper interpretation and application of the Freedom of Information Act (FOIA) privacy exemption found in MCL 15.243(1)(a), which provides that "[a] public body may exempt from disclosure as a public record under this act . . . [i]nformation of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy." I view this as a significant question, particularly in the distinctive context of a public university.

Plaintiff, ESPN, Inc., submitted a FOIA request to defendant, Michigan State University, seeking the campus incident reports, if they exist, in which the names of any of 301 specific students who are currently or were formerly enrolled at the university appear in any

context. Each of these students is apparently a current or former participant in intercollegiate athletics at the university. Defendant responded by disclosing dozens of reports but with all names and identifying information redacted, invoking the FOIA privacy exemption and explaining that its practice concerning incident reports is to disclose them "subject to redaction of the names and other identifying information . . . of victims, witnesses, and subjects when the request has been made by a requester who was not involved in the incident giving rise to the report." However, defendant discloses "the names and certain other information pertaining to suspects when [it has] reason to believe that the case is being prosecuted." Plaintiff responded by suing defendant for disclosure of the names, the trial court ordered disclosure, and the Court of Appeals affirmed. *ESPN, Inc v Mich State Univ*, 311 Mich App 662 (2015).

"Because our judicial role precludes imposing different policy choices than those selected by the Legislature, our obligation is, by examining the statutory language, to discern the legislative intent that may reasonably be inferred from the words expressed in the statute." *Herald Co v Bay City*, 463 Mich 111, 117 (2000). "[B]y expressly codifying exemptions to the FOIA, the Legislature has shielded some 'affairs of government' from public view. The FOIA exemptions signal particular instances where the policy of offering the public full and complete information about government operations is overcome by a more significant policy interest favoring nondisclosure." *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 472 (2006).

In particular, the privacy exemption of FOIA "has two prongs that the information sought to be *withheld* from disclosure must satisfy. First, the information must be 'of a personal nature.' Second, it must be the case that the public disclosure of that information 'would constitute a clearly unwarranted invasion of an individual's privacy . . . .' " *Mich Federation of Teachers v Univ of Mich*, 481 Mich 657, 675 (2008) (emphasis added). Concerning the second prong, " ' "a court must balance the public interest in disclosure against the interest [the Legislature] intended the exemption to protect." ' " *Herald Co*, 463 Mich at 126 (citations omitted) (alteration in original). "[T]he relevant 'public interest' to be weighed in this balance ' "is the extent to which disclosure would serve the core purpose of the FOIA, which is contributing significantly to public understanding of the operations or activities of the government." ' " *Id.* (citations and emphasis omitted).

It is first necessary to clarify which records defendant is *not* seeking to withhold from disclosure or that are not at issue here. Defendant is *not* seeking to withhold campus incident reports concerning matters for which students have been prosecuted, or reports involving students who have not been prosecuted *except* to the extent that names and identifying information have been redacted, or any other requested information. Furthermore, the FOIA request pertains only to information within the university's possession and not to that held by prosecutors or any other public office. It appears that the reports being sought typically involve campus investigations of misconduct characteristic of a university community having large numbers of students between the ages of 17

and 25, but which misconduct, if confirmed by the investigation to have occurred, is for the most part unlikely to be made the subject of criminal prosecution. Because the public disclosure of an incident report would obviously tend to be embarrassing to an individual student, *Mich Federation of Teachers*, 481 Mich at 660, it seems clear that such reports implicate the first prong of the FOIA privacy exemption by pertaining to matters of a "personal nature." *US Dep't of Justice v Reporters Comm for Freedom of the Press*, 489 US 749, 780 (1989) ("[W]e hold as a categorical matter that a third party's request for law enforcement records or information about a private citizen can reasonably be expected to invade that citizen's privacy . . . ."). Accordingly, the critical issue in this case concerns the inquiry required by the second prong of the exemption: " ' "balanc[ing] the public interest in disclosure against the interest [the Legislature] intended the exemption to protect." ' " *Herald Co*, 463 Mich at 126 (second alteration in original). In that regard, I believe significant questions remain and should be addressed by this Court.

First, plaintiff argued in the trial court that disclosure was warranted so the public could determine whether defendant affords special treatment to student-athletes as compared with students who are not in athletic programs, and disclosure was ordered on that basis. However, given that *only* the records of student-athletes have been sought or ordered disclosed, it would seem to be difficult to actually *compare* the treatment of student-athletes and other students. Moreover, the need to disclose student-athletes' *names* has not yet been demonstrated given that these do not seem essential to making this comparison. Thus, does the sought-after disclosure principally reveal "information about *private citizens* that is accumulated" in defendant's files but "little or nothing" about *defendant's* own conduct, or does it advance the "core purpose of FOIA" by "contributing significantly to public understanding of the operations or activities" of defendant? *Mich Federation of Teachers*, 481 Mich at 673 (quotation marks and citations omitted) (emphasis added).

Second, in affirming the trial court, the Court of Appeals asserted on its own initiative at least two "public interests," neither of which was ever asserted by plaintiff itself: (a) determining whether defendant affords special treatment to students who participate in *certain* sports; and (b) determining whether defendant affords special treatment to particular student-athletes on the basis of their "renown." By articulating these "public interests" *sua sponte*, the Court relieved plaintiff of any legal obligation that it may have had to actually articulate, and thereby preserve, its own "public interest" arguments that assertedly warrant disclosure. Yet as several courts have indicated in the context of the federal FOIA privacy exemption, 5 USC 552(b)(6), see *Swickard v Wayne Co Med Examiner*, 438 Mich 536, 543-544 & n 6 (1991) (noting the similarity between these exemptions), the FOIA *requester* has the burden of articulating those "public interests." See, e.g., *Associated Press v US Dep't of Justice*, 549 F3d 62, 66 (CA 2, 2008) ("The requesting party bears the burden of establishing that disclosure of personal information would serve a public interest cognizable under FOIA."); *Lakin Law Firm, PC v Fed Trade Comm*, 352 F3d 1122, 1125 (CA 7, 2003) ("[The plaintiff] has failed to carry its burden of 'identify[ing] with

reasonable specificity the public interest that would be served by release of* the withheld identifying information.") (citations omitted) (alteration in original); *Salas v Office of the Inspector General*, 577 F Supp 2d 105, 112 (D DC, 2008) ("It is the requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant."). When courts are allowed to speculate on their own as to possible "public interests," is the privacy-exemption balancing process distorted?

Third, assuming that whether defendant affords special treatment to students engaged in *certain* sports constitutes a "public interest" that may be asserted by the court, is this "public interest" diminished when the disclosure is limited to reports identifying the *sport* participated in by the student but not also his or her name? See, e.g., *Bradley v Saranac Community Sch Bd of Ed*, 455 Mich 285, 304 (1997) ("[A] public body is permitted to redact any information that falls within an exemption of the FOIA."). Would such a redaction enable the public to determine whether defendant affords special treatment to students in ,certain sports while also recognizing that "an individual's privacy" may sometimes constitute a basis for nondisclosure?

Fourth, while plaintiff's FOIA request was limited to students who participated in football and men's basketball, it is unclear whether either of the lower courts was, in fact, cognizant of this fact. Did the Court of Appeals, in fact, believe there was a significant "public interest" in comparing student-athletes in men's basketball with student-athletes in men's football, which was all that could have been compared by the reports sought here, or was the Court seeking, as appears more likely, to identify a "public interest" in comparing student-athletes engaged in these *two* sports with student-athletes in *lower-profile* sports? I cannot know for sure from what the lower courts have said, and I also cannot know what supposed limiting principles would govern future FOIA disclosures in cases involving student-athletes of "renown" in high-profile sports, student-athletes in high-profile sports, student-athletes in lower-profile sports, students not engaged in athletics but in other extracurricular pursuits that might become matters of interest for specialized media, or to university students in general. What limiting principles can be drawn from this case for future FOIA requests?

Fifth, assuming that whether defendant affords special treatment to student-athletes on the basis of their "renown" constitutes a "public interest" that may be asserted by the court, does the resultant balancing test require the disclosure of all reports pertaining to both "renowned" and "unrenowned" student-athletes even though there are far fewer of the former class? That is, by ordering the disclosure of *all* reports on the grounds that *plaintiff* be allowed to distinguish between "renowned" and "unrenowned" student-athletes, did the "public interest" in examining the reports of the few "renowned" student-athletes outweigh the privacy interests of the many "unrenowned" student-athletes?

Sixth, "[t]he Michigan Constitution confers a unique constitutional status on our public universities . . . ." *Federated Publications, Inc v Mich State Univ Bd of Trustees*, 460 Mich 75, 84 (1999). Accordingly, a public university such as defendant exercises "a fair amount of indepen-

dence and control over [its] day-to-day operations," which is presumably designed to secure its overall educational mission. *Western Mich Univ Bd of Control v Michigan*, 455 Mich 531, 540 (1997). Furthermore, a university owes certain responsibilities to its students that go beyond the purely academic, encompassing counseling, support, personal development, and nurturing. Parents who send their children to a university place some faith in that institution that it will provide a reasonably supportive environment for their still-teenage children, an environment once perhaps summarized by the phrase *in loco parentis*. These distinctive missions, educational and nurturing, may each be implicated by the effectiveness of university policies that protect, or fail to protect, the privacy interests of its students, as well as by the extent of deference shown to those policies under FOIA's privacy-exemption balancing test. Is it relevant under this test that the university may have, in its best judgment, decided it would ill serve its educational or nurturing mission to publicly shame a student who has either engaged in or been merely alleged to have engaged in minor misconduct? Is it relevant under this test that the university may have, in its best judgment, decided that it would ill serve its educational or nurturing mission to respond to misconduct or mere allegations of misconduct by automatically placing the relevant incident report in its FOIA disclosure file for whenever the media chooses to request that file? Is it relevant under this test that the university may have, in its best judgment, decided that it would breach faith with both its students and their parents if it were required to establish such an unforgiving disciplinary environment and required to disclose information involving no criminal conduct but possibly creating lifelong embarrassment?

Seventh, no apparent consideration was given in the lower courts' balancing processes to the fact that many students identified in incident reports are only *suspects* in campus misconduct, and not actual violators. Some number of defendant's students, for no reason other than that they have chosen to participate in intercollegiate sports, will now be permanently and publicly marked as *suspects* in minor episodes of campus misconduct that resulted in neither criminal charges nor convictions. Because this will result in some students who have committed no misconduct being treated identically with some students who have, should this factor have been given consideration in the exemption balancing process?

I have no doubt that plaintiff—as well as many among the public— may be genuinely interested concerning the nature of student-athlete behavior at the defendant university. However, the balancing test required by the second prong of the FOIA privacy exemption does not exclusively, or even largely, rest upon this consideration. Rather, "FOIA's central purpose is to ensure that the *Government's* activities be opened to the sharp eye of public scrutiny, not that information about *private citizens* that happens to be in the warehouse of the Government be so disclosed." *Reporters Comm*, 489 US at 774. To be clear, while I am fully cognizant of the principles of government transparency reflected in FOIA, I am also cognizant of the *exceptions* to those principles also reflected in FOIA.

Put simply, it is this Court's duty to balance the public's unquestioned interest in "full and complete information about government operations" with the "significant policy interest[s]" reflected by the *exemptions* to that law, in this case the privacy exemption. *Herald Co,* 475 Mich at 472. Moreover, this balancing is of a particularly sensitive and nuanced kind when, as here, it pertains to an institution carrying out both an educational and a nurturing mission that might each be affected by the manner in which that institution upholds the privacy of its students. Cf. *Strout v US Parole Comm,* 40 F3d 136, 139 (CA 6, 1994) (interpreting the privacy exemption as protecting the *mission* of the institution in possession of the records as well as the privacy interests of those individuals who would be directly affected by disclosure).

For the reasons set forth herein, I am not yet persuaded that the balancing process in this case, requiring the disclosure of unredacted campus incident reports sought by plaintiff, will serve FOIA's core purpose without infringing the privacy interests of some affected students. Accordingly, I would grant leave to appeal to further consider this issue.

*Leave to Appeal Denied December 30, 2015:*