# STATE OF MICHIGAN

# COURT OF APPEALS

---

ARMADA TOWNSHIP,

        Plaintiff-Appellant,

v

KEN HAMPSON and JACK MEDLEY,

        Defendants-Appellees,

and

MICHIGAN TOWNSHIPS ASSOCIATION,

        Amicus Curiae.

UNPUBLISHED
August 23, 2016

No. 325135
Macomb Circuit Court
LC No. 2013-004563-CZ

---

Before: MURRAY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM

In November 2013, Armada filed a complaint against defendants Ken Hampson and Jack Medley alleging that defendants' growing of medical marijuana[1] outdoors in greenhouses, that were accessory to the single-family residence on the property and constructed without permits in violation of Armada's zoning[2] and building[3] ordinances, was a nuisance per se. The parties filed cross-motions for summary disposition. The trial court held that Armada's ordinance confining the growing of marijuana to accessory structures was preempted by section MCL 333.26423(d) of the Michigan Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.* The court also held that the greenhouses' construction without permits was a nuisance per se, but granted defendants additional time to file for the particular permits and comply with Armada's building code. Armada appealed as of right the opinion and order partially denying and partially granting, under

---

[1] "Although the statutory provisions at issue refer to 'marihuana,' by convention this Court uses the more common spelling 'marijuana' in its opinions." *People v Jones*, 301 Mich App 566, 569; 837 NW2d 7 (2013), lv den 498 Mich 957 (2015).

[2] Armada Township Zoning Ordinance 114, Art. II, § 2.43.

[3] Armada Township Building Ordinance 151, § 107.

-1-

MCR 2.116(C)(10) (no genuine issue as to any material fact), its cross-motion for summary disposition.[4] On appeal, Armada asks this Court to conclude that its zoning ordinance was not preempted by the MMMA; that a proper abatement of the nuisance per se was to order the greenhouses removed from the property; and that the trial court erred in not definitively ruling whether the Right to Farm Act (RTFA), MCL 286.471 *et seq.* was a valid affirmative defense. These issues are now moot. The Court was informed at oral argument that defendants ceased their medical marijuana growing operation and that the greenhouses were no longer in violation of Armada's ordinances. Accordingly, we dismiss this appeal as moot.[5]

Dismissed as moot.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan

---

[4] The Michigan Townships Association was permitted to participate as amicus curiae. *Armada Township v Ken Hampson*, unpublished order of the Court of Appeals, entered June 25, 2015 (Docket No. 325135). Defendants later sought and were granted leave to file a response to the amicus brief. *Armada Township v Ken Hampson*, unpublished order of the Court of Appeals, entered September 25, 2015 (Docket No. 325135).

[5] "An issue becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy." *Kieta v Thomas M Cooley Law Sch*, 290 Mich App 144, 147; 799 NW2d 579 (2010).