22-816-cv
Mermelstein v. U.S. Dep't of Justice

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand twenty-three.

PRESENT:  BARRINGTON D. PARKER,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
               *Circuit Judges.*
------------------------------------------------------------------
JOSEPH MERMELSTEIN,

          *Plaintiff-Appellant,*

          v.                                          No. 22-816-cv

UNITED STATES DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF INVESTIGATION,

          *Defendant-Appellee.*
------------------------------------------------------------------

FOR APPELLANT:                                    Joseph Mermelstein, *pro se*,
                                                  Massapequa Park, NY

FOR APPELLEE:                                     Varuni Nelson, Rachel G.
                                                  Balaban, Robert W.
                                                  Schumacher, Assistant United
                                                  States Attorneys, *for* Breon
                                                  Peace, United States Attorney
                                                  for the Eastern District of New
                                                  York, Central Islip, NY

Appeal from a judgment of the United States District Court for the Eastern

District of New York (Gary R. Brown, *Judge*; James M. Wicks, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Joseph Mermelstein, proceeding pro se, appeals from a judgment

of the United States District Court for the Eastern District of New York (Brown, J.)

granting summary judgment against him on his claims against the United States

Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI")

under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.   The District Court

adopted two Reports and Recommendations of the Magistrate Judge (Wicks, M.J.)

recommending that DOJ and the FBI be granted summary judgment, reasoning,

in relevant part, that the FBI had conducted an adequate search.   We assume the

2

parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review de novo a district court's grant of summary judgment in FOIA litigation." Wilner v. Nat'l Sec. Agency, 592 F.3d 60, 69 (2d Cir. 2009). "[T]he defending agency has the burden of showing that its search was adequate[,]" and declarations showing that the agency "has conducted a thorough search . . . are sufficient to sustain [this] burden." Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994). Agency declarations "are accorded a presumption of good faith," and a FOIA plaintiff "must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations or provide some tangible evidence that . . . summary judgment is otherwise inappropriate." Id. (cleaned up). "This presumption cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 489 (2d Cir. 1999) (quotation marks omitted).

The FBI offered sufficient evidence to demonstrate that it conducted a thorough search. It submitted affidavits from Michael Seidel, section chief of the Record/Information Dissemination Section of the FBI, with accompanying exhibits

3

including letters the parties had exchanged and a log of the documents that the FBI produced. Seidel affirmed that the FBI had conducted a search of the Central Records System ("CRS"), an electronic records system "where the FBI indexes information about individuals, organizations, and other subjects of investigative interest for future retrieval," using multiple search indices. Gov't Supp. App'x 78. Seidel further affirmed that the FBI searched the manual indices located at the FBI's headquarters and its New York and Los Angeles offices.

Mermelstein argues that the FBI's search was inadequate because it did not include the Electronic Surveillance Indices ("ELSUR"), a database that Mermelstein contends was likely to contain additional records. But Seidel asserted that "any responsive records/information within the ELSUR indices would be duplicative of information available within" the CRS and explained why that was so.[1] Gov't Supp. App'x 78–79.

Mermelstein resists this assertion. He contends that a separate search of

---

[1] Mermelstein cites out-of-circuit FOIA cases requiring the FBI to search ELSUR separately. See Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321 (D.C. Cir. 1999); Jett v. FBI, 139 F. Supp. 3d 352, 368 (D.D.C. 2015). Those cases are inapt because they predate the FBI's 2015 merging of the CRS and ELSUR systems as described in Seidel's affidavit.

4

ELSUR was necessary because the FBI, in an act of bad faith, "purged" the CRS of certain electronic files relating to him that it still stores in ELSUR. Appellant's Br. 14. Seidel affirmed that "[t]he evidence destroyed consisted of paper documents, such as medical files, lawfully seized during the investigation via a search warrant" and that the documents in question were disposed of pursuant to standard FBI procedures. Gov't Supp. App'x 240. Mermelstein's claims of a bad faith "purge" of electronic files, by contrast, are "purely speculative" and "cannot . . . rebut[]" the presumption of good faith that attaches to Seidel's affidavits. Grand Cent., 166 F.3d at 489. Accordingly, Mermelstein neither demonstrated that the FBI acted in bad faith nor rebutted Seidel's contention that a search of ELSUR would be duplicative of the search the FBI performed. He thus failed to show that the FBI's search efforts were inadequate.

Finally, Mermelstein contends that the District Court was obligated to perform an in camera inspection of all the withheld documents. "Only if the government's affidavits make it effectively impossible for the court to conduct de novo review of the applicability of FOIA exemptions is in camera review necessary." Associated Press v. U.S. Dep't of Justice, 549 F.3d 62, 67 (2d Cir.

5

2008).  We review for abuse of discretion, <u>id.</u>, and find none here.  Seidel's affidavit was "relatively detailed" and thus sufficient to show why the FBI withheld certain documents pursuant to FOIA exemptions.  <u>Id.</u>  Mermelstein did not offer any evidence to dispute the FBI's explanations.  And insofar as Mermelstein now insists that the District Court should perform an <u>in camera</u> review of the "unsearched record systems," he did not raise that issue in the District Court.  Appellant's Br. 24; <u>see</u> <u>Virgilio v. City of New York</u>, 407 F.3d 105, 116 (2d Cir. 2005) ("In general we refrain from passing on issues not raised below.").

We have considered Mermelstein's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court