**Thomas W. HILL, Plaintiff,**

v.

**DEPARTMENT OF AGRICULTURE,
Defendant.**

**No. Civ.A. 98–0259 JR.**

United States District Court,
District of Columbia.

Aug. 27, 1999.

Thomas W. Hill, Flat Rock, NC, plaintiff pro se.

Paul S. Padda, Assistant U.S. Attorney, Washington, DC, for defendant.

### MEMORANDUM

ROBERTSON, District Judge.

Plaintiff sues under the Freedom of Information Act, 5 U.S.C. § 552, to compel the United States Department of Agriculture to release records pertaining to several loans made by the Farmers Home Administration ("FmHA") to his brother, Tony, and to Tony's wife, Jewel. He alleges that Tony and Jewel Hill, acting as president and secretary of Appalachian Apple Packers, Inc. ("AAP"), a closely-held family corporation, fraudulently obtained more than $843,000 in FmHA loans and improperly used the proceeds for personal purposes. He asserts that disclosure of the requested documents will show USDA's failure to prevent misuse of FmHA loan funds.

■ Defendant moves for summary judgment, conceding that Tony and Jewel Hill received as many as six emergency loans from FmHA, but asserting that the couple's privacy interests warrant invocation of FOIA Exemption 6, which covers "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy ..." 5 U.S.C. § 552(b)(6). The term "similar files" is construed broadly, and includes personal financial records. *United States Dept. of State v. Washington Post Co.*, 456 U.S. 595, 599–600, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982).

Plaintiff opposes the summary judgment motion with three arguments. First, he argues that the loans were issued to a corporation, and that corporations have no privacy interests under FOIA. Second, he argues that Tony and Jewel Hill waived their privacy interests when they signed certain loan application documents. Third, he argues that the public's interest in revealing borrower misuse of public funds and USDA's neglect of its duty outweighs the privacy interests of individuals. None of those three arguments is successful.

1. *Privacy interests and closely held corporations*

Plaintiff argues that the requested records "pertain solely to AAP corporation business," Pl.'s Reply at 5 n. 3, and therefore may be released because corporations have no privacy interests that Exemption 6 can protect. *National Parks and Conservation Ass'n v. Kleppe*, 547 F.2d 673, 685 n. 44 (D.C.Cir.1976). In response, defendant argues that an agency may withhold business records if "an individual and business entity are identical, which is usually the case in closely held family corporations." Def.'s Oppos. at 7. *Kleppe*'s language suggests that even corporate information can be protected under Exemption

6 if it is sufficiently "[p]ersonal or 'personalized' financial information ... [that] contains 'embarrassing disclosures' or involves 'sufficiently intimate details,'" *id.* at 685 (citing *Rural Housing Alliance v. USDA,* 498 F.2d 73 (D.C.Cir.1974)). Nevertheless, Tony and Jewel Hill did not own all the shares of AAP and are not "identical" with AAP. If the FmHA loans, or some of them, had been made to AAP, Exemption 6 would not apply here.

■ Because the redacted documents neither supported nor conclusively refuted plaintiff's claim that the loans were in fact made to AAP, I ordered defendant to produce FmHA's loan closing file for *in camera* inspection. After reviewing the unredacted loan closing documents, I am satisfied that the FmHA loans were made to the Hills. The information about AAP that defendant has withheld concerns transactions between AAP and the Hills (not between AAP and FmHA) and relates to the collateral the Hills provided for the FmHA loans. That information might be segregable, but I find it "sufficiently personalized" to warrant application of Exemption 6.

### 2. *Waiver*

■ Tony and Jewel Hill signed loan applications containing this warning:

All information supplied to Farmers Home Administration (FmHA) by you or your agents in connection with your loan application may be released to interested third parties, including competitors, without your knowledge or consent under [FOIA].

Much information not clearly marked "Confidential" may routinely be released if a request is received for same. Further, if we receive a request for information which you have marked "Confidential" the Federal Government will have to release the information unless you can demonstrate to our satisfaction that release of the information would be likely to produce substantial competitive harm to your business or would consti-

tute a clearly unwarranted invasion of personal privacy....

This is a warning, not a waiver. Tony and Jewel Hill did not waive their privacy rights merely by acknowledging that the information they were providing *could* be subject to release. The statement does not say that the government will not attempt to protect privacy rights by asserting them, and indeed the government is expected to do so. *Cf. Rural Housing Alliance, supra,* at 82 ("Much information is disclosed voluntarily and involuntarily (but with less difficulty than would otherwise be true), because the individuals supplying the information believe that, since the Government has power to protect confidentiality under the exemptions, it will do so.").

### 3. *Privacy vs. the public interest in disclosure*

■ It is obvious (plaintiff does not bother to deny it) that the principal motive for plaintiff's FOIA request is to discover information that would support his claim that his brother cheated him out of a portion of his inheritance by improperly pledging family assets as security for FmHA loans and then improperly spending the loan proceeds. Plaintiff recognizes, however, that a purely private reason has no weight in the balance against privacy interests, *see United States Dept. of Justice v. Reporters Committee for Freedom of the Press,* 489 U.S. 749, 772–73, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989), and so he offers to place in the balance instead the public's interest in learning "what FmHA was up to" when it approved an allegedly fraudulent loan application and then allegedly failed to monitor the use of the loan proceeds. That purpose, plaintiff argues, outweighs the privacy interests of Tony and Jewel Hill, just as the interests of a newspaper in learning "what USDA was up to" was held to outweigh the privacy interests of farmers in *Washington Post v. USDA,* 943 F.Supp. 31 (D.D.C.1996).

The logic of Judge Friedman's decision in *Washington Post v. USDA,* however, defeats plaintiff's argument. In that case, the privacy interests of "thousands of similarly situated businesspeople," 943 F.Supp. at 34, were weighed against "allegations of fraud and conflict of interest, supported by ... information in the public domain, sufficient to raise non-speculative questions about the workings of the USDA," *id.,* at 36. The court reasoned that "it is precisely because the list is so large and the information so generic that the individual privacy interests are so small," *Washington Post,* 943 F.Supp. at 34. Here, by contrast, the focus of the FOIA request is on the finances of one couple. At oral argument on the instant motion, plaintiff disavowed an interest in the financial statements of Tony and Jewel Hill and said he would settle for documents revealing how loan proceeds were disbursed, but the Hills have a privacy interest even in the basic information about the amounts and purposes of their FmHA loans. That interest is not diluted, as it was in *Washington Post v. USDA,* by the fact that it "pertain[ed] to tens of thousands of otherwise indistinguishable businesspeople." 943 F.Supp. at 36.

 The public interest asserted by the plaintiff, on the other hand, has almost no weight in the balance. This plaintiff has not "identified allegations of fraud and conflict of interest, supported by ... information in the public domain, sufficient to raise *non-speculative* questions about the workings of the USDA," *Washington Post v. USDA, supra,* at 36. Indeed, to the extent the record illuminates this subject at all, it suggests that USDA was appropriately monitoring the use of loan funds: One record requests a "closing statement showing disbursement of funds," Revised Vaughn Index, Ex. J at 768. Another emphasizes the need to confirm payment using only loan funds, Ex. J at 758.

The public interest plaintiff asserts is negligible, while the privacy interest of Tony and Jewel Hill is substantial. Exemption 6 was thus properly invoked.

An appropriate order accompanies this memorandum.

### *ORDER*

For the reasons stated in the accompanying memorandum, it is this 27th day of August 1999

**ORDERED** that defendant's motion for summary judgment [# 48] is **granted.** And it is

**FURTHER ORDERED** that plaintiff's motions for summary judgment [# 36] and to expedite release of all materials [# 58] are **denied.**