# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-1689

THE LAKIN LAW FIRM, P.C.,

*Plaintiff-Appellant,*

v.

FEDERAL TRADE COMMISSION,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 02-CV-1121-DRH—**David R. Herndon**, *Judge.*

———————

ARGUED SEPTEMBER 22, 2003—DECIDED DECEMBER 16, 2003

———————

Before ROVNER, EVANS, and WILLIAMS, *Circuit Judges.*

EVANS, *Circuit Judge.* When people feel so strongly about something that they actually complain about it to a federal agency, they probably think their names and addresses will not be released to a firm of private lawyers seeking fuel to propel a possible class-action lawsuit. And so it is with this case which deals with "cramming"—the shady practice of putting bogus charges on a person's bill (usually a monthly credit card statement) in the hope that the consumer will pay the inflated balance without noticing that he has been duped.

The Lakin Law Firm, a small band of lawyers operating out of Wood River, Illinois, filed a Freedom of Information

Act (FOIA) request with the Federal Trade Commission (FTC) seeking "[a]ny consumer complaints" about charges "'crammed' . . . onto credit card bills, phone bills, or mortgage statements," particularly complaints of this nature against Cendant Corporation, FleetBoston Financial Corporation, Fleet Credit Card Services, Bell Atlantic, Bank of America, or Washington Mutual. The FTC granted the request in part, releasing some 1,400 pages of complaints. But it withheld the names and addresses of those who complained, claiming "[t]his information is exempt from release under FOIA Exemption 6, 5 U.S.C. § 552(b)(6), because individuals' right to privacy outweighs the general public's interest in seeing personal identifying information."

Lakin filed an administrative appeal of the Commission's partial denial, stating

> "[p]ersonal privacy" does not include a consumer complaint. Personal privacy has to do with something that could cause injury to a person, such as disclosing the names of Iranian students who have sought asylum in the United States, and who would be killed if their government found them. There is no such threat here. This information has one, and only one use; to bring the companies that the consumers are complaining about to justice.

The appeal was denied and the law firm filed this suit in the district court challenging the FTC's decision. The district judge dismissed the suit and we now consider Lakin's appeal.

The FOIA has a noble goal: it contemplates a policy of broad disclosure of government documents to serve the "basic purpose of ensuring an informed citizenry, vital to the functioning of a democratic society." *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir. 1998), quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242

(1978). Stated another way, the FOIA's central purpose is to guarantee "that the *Government's* activities be opened to the sharp eye of public scrutiny, not that information about *private citizens* that happens to be in the warehouse of the Government be so disclosed." *U.S. Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749 (1989) (emphasis in original).

The FOIA requires governmental agencies "upon any request for records which . . . reasonably describes such records . . . [to] make the records promptly available." 5 U.S.C. § 552(a)(3). But like many laws and most rules, the FOIA has loads of exemptions. Exemption 6, at issue in this case, permits the withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." We think the information withheld here by the FTC clearly falls within the exemption.

One item we found to be exempt from disclosure when complying with a FOIA request was *the name of a high school student* who asked the Department of Justice for information about the wiretapping of Jimmy Hoffa. *Silets v. U.S. Dep't of Justice*, 945 F.2d 227 (7th Cir. 1991) (*en banc*). Other courts have taken a similar view. *See Strout v. U.S. Parole Comm'n*, 40 F.3d 136, 139 (6th Cir. 1994) (names and addresses of people who wrote to Parole Commission opposing a convict's parole); *Voinche v. Fed. Bureau of Investigation*, 940 F. Supp. 323, 329-30 (D.D.C. 1996) ("identities of . . . private citizens who wrote to government officials . . . ."), *aff'd per curiam*, 1997 WL 411685 (D.C. Cir.); *Holy Spirit Ass'n v. U.S. Dep't of State*, 526 F. Supp. 1022, 1032-34 (S.D.N.Y. 1981) (identities of individuals who wrote letters to senators about the Unification Church). Although disclosure in some of these cases was upheld under different exemptions (there are several) in the FOIA, they have one thing in common: personal identifying

information is regularly exempt from disclosure. And that is as it should be, for the core purpose of the FOIA is to expose what the government is doing, not what its private citizens are up to.

Against this backdrop, the Lakin firm advances several unpersuasive arguments in support of its contention that the FTC has not fully complied with its request. First, citing a district court case in California, it argues that there is an inconsistency between the FTC's position here and its effort to obtain by means of a Civil Investigative Demand (CID) the names and addresses of consumers who complained to a company that was under investigation. There is, however, no inconsistency. The Commission's CID authority does not alter our Exemption 6 analysis because the standards governing enforcement of government agencies' CIDs are wholly different from FOIA principles. *See*, *e.g.*, *FTC v. Texaco, Inc.*, 555 F.2d 862, 879 (D.C. Cir. 1977) (*en banc*) (administrative subpoenas are to be enforced unless information sought is irrelevant to "a lawful purpose of the agency"); *General Fin. Corp. v. FTC*, 700 F.2d 366, 369 (7th Cir. 1983) (noting "limited" scope of judicial review of CIDs). One obvious reason for the different standards is that CIDs involve disclosure of information to the government for investigative purposes, while the FOIA involves disclosure to the public at large. *See Reporters Committee*, 489 U.S. at 770 ("The right to collect and use [personal] data for public purposes is typically accompanied by a concomitant . . . duty to avoid unwarranted disclosures.") (quoting *Whelan v. Roe*, 429 U.S. 589, 605 (1977)); *see also* section 21(b) of the FTC Act, 15 U.S.C. § 57b-2(b) (statutory provision governing confidentiality of information received by FTC pursuant to CIDs). Furthermore, complaints to the FTC about unfair or deceptive trade practices by the companies that hold the complainers' mortgages or supply their credit cards or telephone services are in no way parallel to

decisions to complain directly to the companies themselves. The personal privacy interests of consumers did not disappear when they complained to the FTC.

Lakin also contends that the FTC is already releasing the withheld information to other entities, citing the database of the "Consumer Sentinel." *See* www.consumer.gov/sentinel/about/htm. This argument is unavailing. Consumer Sentinel is a consumer fraud database accessible to law enforcement officials and shared with law enforcement partners in the United States and abroad. Public and private organizations contribute complaints to the database in an effort to combat illegal activities. The fact that a limited group of law enforcement officials has access to these nonpublic files does not alter the individual consumers' privacy interests in keeping their identities and home addresses free from general public disclosure. Moreover, the FTC cannot waive individual consumers' privacy interests—whatever it does or fails to do. *See, e.g., Sherman v. U.S. Dep't of the Army*, 244 F.3d 357, 363-64 (5th Cir. 2001) ("[O]nly the individual whose informational privacy interests are protected by Exemption 6 can effect a waiver of those privacy interests.").

Lakin also contends that disclosure is not "unwarranted" because the website that consumers use to make complaints to the Commission cautions that the information provided may be subject to release under the FOIA. *See* www.ftc.gov/ftc/privacy/htm. But a warning that FOIA disclosure "may be required by law" cannot be construed as a waiver by the consumer of the privacy rights *protected* by the FOIA. *See, e.g., Hill v. Dep't of Agriculture*, 77 F. Supp. 2d 6 (D.D.C. 1999) (similar statement in Farmers Home Administration loan application is a warning, not a waiver).

Finally, Exemption 6 requires a balancing of individual privacy interests of consumer complainants against the

public interest in disclosure to determine whether disclosure is "clearly unwarranted." The Supreme Court has repeatedly held that the only public interest that is relevant to this balancing test is the shining of a light on an agency's performance of its statutory duties. *Reporters Committee*, 489 U.S. at 773. Compelling disclosure of the identity of consumers' complaints about cramming would not further the core purpose of the FOIA. Lakin has failed to carry its burden of "identify[ing] with reasonable specificity the public interest that would be served by release" of the withheld identifying information. *See Hale v. U.S. Dep't of Justice*, 973 F.2d 894, 900 (10th Cir. 1992), *vacated and remanded on other grounds*, 509 U.S. 918 (1993), and *Senate of the Commonwealth of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 588 (D.C. Cir. 1987) (R.B. Ginsburg, J.) (requester must demonstrate that there is a public interest in the specific information being withheld).

The judgment of the district court is AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*
