**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2011[*]
Decided March 9, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-3351

| | |
|---|---|
| ANNA L. ROBINSON, | Appeal from the United States District |
| *Plaintiff-Appellant.* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 09-2237 |
| | |
| CHAMPAIGN UNIT 4 SCHOOL | Michael P. McCuskey, |
| DISTRICT, et al., | *Chief Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Anna Robinson sued the Champaign Unit 4 School District, her former employer, claiming race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a). The district court dismissed her complaint as a sanction under Federal Rule of Civil Procedure 37 after accepting the school district's

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

assertion that Robinson had failed to provide adequate initial disclosures under Federal Rule of Civil Procedure 26. Because the district court did not explain how Robinson's compliance was inadequate or why lesser sanctions would be ineffective, we vacate the dismissal and remand for further proceedings.

Robinson filed her complaint in September 2009 using a standard form provided by the district court for pro se Title VII complaints. Robinson alleges that she was fired because she is black and had complained of discrimination in the past, and sought back pay and medical expenses. She also submitted a 28-page, single-spaced timeline with dates and descriptions of the events that formed the basis of her claims, including names of the persons involved in each incident and in some instances contact information. The school district filed a one-paragraph answer denying wrongdoing and asserting that it could not respond to the allegations in Robinson's complaint because it does not contain "concise factual allegations in a numbered or otherwise organized fashion." The school district also certified that it provided initial disclosures under Rule 26(a)(1), but the record does not disclose what information was given to Robinson.

A magistrate judge held a pretrial conference in December 2009 and ordered Robinson, by minute entry, to "provide initial disclosures to defendant within 7 days." In the record before us there is no indication that the magistrate judge had reviewed the timeline Robinson submitted with her complaint or evaluated whether that document was adequate to meet the initial disclosure requirements of Rule 26(a)(1). That provision requires civil litigants to disclose a range of information without a discovery request, including details about individuals likely to have discoverable information, copies of documents a party has in its possession to support its claims, and a computation of damages. *See* FED. R. CIV. P. 26(a)(1)(A)(i)-(iii). The magistrate judge scheduled a second pretrial conference for January, and instructed the parties to submit a joint discovery plan in advance of that date. The court later postponed the conference because the parties had not submitted their proposed plan. Robinson then requested and was granted additional time to collect medical records that the school district wanted from her, so the court further postponed the conference until March 2010, again instructing the parties to submit a discovery plan prior to the conference.

Prior to the March discovery conference, the school district filed its own proposed discovery plan and explained that the parties could not reach an agreement on an appropriate schedule despite several meetings. In a motion asking that its plan be adopted, the school district asserted that Robinson still had not tendered "initial Rule 26 Discovery Compliance documents" but did not specify what Robinson had failed to hand over. The school district added that it could only estimate the time needed for each stage of the litigation because, without initial discovery from Robinson, it was "flying blind" concerning

the issues that would arise in the lawsuit. The school district did not explain why the timeline Robinson had submitted with her complaint was insufficient to give it notice of the issues in the case.

After the March conference, Robinson gave the school district a proposed witness list, copies of her written communications with the school district in the period leading up to her termination, and medical records from treatment for chest pain and other conditions that she maintains were exacerbated by the school district's unlawful conduct. The school district moved for sanctions under Rule 37, however, arguing that Robinson had failed to comply with the disclosure requirements of Rule 26(a)(1). The school district submitted a copy of Robinson's list of potential witnesses; the list includes contact information for each of the 10 names, all but 2 of which appear on the timeline submitted with Robinson's complaint. The school district again failed to acknowledge its receipt of the timeline, yet it argued that Robinson's witness list does not satisfy Rule 26(a)(1)(A)(i) because it lacks "the subjects of the information Plaintiff may have used to support her claim." Rule 26(a)(1)(A)(i) simply requires that litigants disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." The school district also argued that Robinson had failed to comply with Rule 26(a)(1)(A)(iii), which requires early disclosure of "a computation of each category of damages claimed by the disclosing party." The school district emphasized that Robinson's disclosures must be incomplete because she had earlier told the court that she was trying to gather a "vast amount of documents" and had told the school district's lawyer that she had "a lot" of documents.

In June 2010 the magistrate judge conducted a hearing to address the motion for sanctions. Although neither party has provided a transcript of this hearing, the school district represents in its appellate brief that the magistrate judge found Robinson's conduct unreasonable and explained what she must do to comply with Rule 26. A minute entry following that hearing notes that there was "[d]iscussion regarding disclosures" and that Robinson was "to fully comply with the requirements of Rule 26(a)(1) within seven (7) days." The minute entry also documents that the motion for sanctions was granted, and that the school district was ordered to file an affidavit in support of fees and costs. The school district later submitted an affidavit from counsel explaining that he spent 16 hours trying to get Robinson "to fully comply with Rule 26 discovery requirements." Although the affidavit acknowledges that Robinson had provided some documents, counsel asserts that her disclosures came "nowhere near full compliance with Rule 26." The affidavit offers no further explanation of the deficiencies in the disclosures, and makes no mention of the timeline Robinson submitted. The school district asserted that it had spent $2,062.50 in

unnecessary legal fees as a result of Robinson's "failure to comply with discovery procedures." The magistrate judge later ordered Robinson to pay this amount.

In July 2010 the school district filed a renewed motion for sanctions claiming that Robinson had failed to meet the new seven-day deadline set by the magistrate judge at the June hearing. The school district did not specify what documents it still expected Robinson to supply. The school district asserted that its defense had been prejudiced by Robinson's delays and argued that the case should be dismissed because it was now impossible for defense counsel to "responsibly" proceed within the timeframe initially set by the magistrate judge. Robinson did not respond to this motion.

In September 2010 the magistrate judge recommended that Robinson's complaint be dismissed with prejudice. The magistrate judge stated that Robinson previously had been "put on notice of her obligations" to satisfy "the requirements of FED. R. CIV. P. 26(a)(1)" yet unjustifiably "ignores them." The court opined that Robinson would "not participate in the discovery phase of this lawsuit." Robinson filed an objection asserting that the school district had received "all information in reference to [her] statements and witnesses" and that she needed only to give over financial documents that were recently obtained. She requested seven more days to turn over these new documents.

The district court concluded that Robinson had violated two orders directing her to comply with Rule 26, and noted that she was still requesting additional time to provide discovery. The court accepted the magistrate judge's recommendation, granted the school district's renewed motion for sanctions, and dismissed the case with prejudice. Like the magistrate judge, the district court did not discuss the two narrow subsections of Rule 26(a)(1) cited by the school district in its motion for sanctions. Neither did the district court acknowledge Robinson's timeline or explain why the information it contains is insufficient to satisfy Rule 26(a)(1)(A)(i). The district court also failed to explain why Robinson's statement in her complaint that she is seeking back pay is insufficient to satisfy the disclosure requirement of Rule 26(a)(1)(A)(iii).

On appeal Robinson argues that she provided the required discovery and maintains that the school district was demanding documents already in its possession. Robinson contends that the chronology of events submitted with her complaint identifies potential witnesses and summarizes the information they would provide. She also notes that her witnesses are current and former employees of the school district. In its brief the school district does not even acknowledge, let alone refute, Robinson's position that her timeline—which the school district had possessed since the day Robinson filed suit—satisfied her disclosure obligations under Rule 26(a)(1). With regard to a damages

computation, Robinson argues that the only documents she did not provide were a credit report and medical records from two hospitals that she was still trying to obtain.

We review a district court's Rule 37 sanctions, including dismissal with prejudice, for abuse of discretion. *See Greviskes v. Univ. Research Ass'n, Inc.*, 417 F.3d 752, 758-59 (7th Cir. 2005); *Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 737-38 (10th Cir. 2005). Dismissal with prejudice is an extreme sanction that should be used only as a last resort in situations where the noncomplying party displayed willfulness, bad faith, or fault. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006); *Proctor & Gamble Co.*, 427 F.3d at 738; *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003). Although we may infer willfulness, bad faith, or fault from the sanction order, we prefer district courts to make this finding explicitly. *See In re Thomas*, 456 F.3d at 724; *Aura Lamp & Lighting, Inc., v. Int'l Trading Corp.*, 325 F.3d 903, 909 (7th Cir. 2003). Moreover, when sanctioning a party for discovery violations, a district court should consider the prejudice or surprise to the party against whom the evidence is offered, the likelihood of disruption to the trial, and lesser sanctions that could cure any asserted prejudice. *See Proctor & Gamble Co.*, 427 F.3d at 738; *David,* 324 F.3d at 857; *Maynard*, 332 F.3d at 48.

Although pro se litigants are not excused from compliance with procedural rules, *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), the school district has never done more than make conclusory assertions that Robinson had failed to comply with Rule 26(a)(1). At no time has the school district explained how Robinson's disclosures fail to satisfy the narrow rules it says she violated, nor has the school district cited any legal authority to support its position. As a result, the district court's order, which accepts the school district's position uncritically, does not explain how Robinson violated Rule 26(a)(1). That rule's initial disclosure requirement was added in 1993 in optional form and made mandatory in 2000. 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2053 (3d ed. 2010). To date the specific form initial disclosures must take has not been the subject of many decisions in either the appellate or district courts. Although we have not had occasion to address the degree of specificity required for the disclosures mandated by subsections (a)(1)(A)(i) and (a)(1)(A)(iii), the advisory committee notes to the 1993 enactment emphasize that the "disclosure requirements should, in short, be applied with common sense" to help focus the attention on the "discovery that is needed, and facilitate preparation for trial or settlement"; the new rule is not intended, however, to encourage litigants to "indulge in gamesmanship with respect to the disclosure obligations." FED. R. CIV. P. 26(a)(1) advisory committee's note (1993); *see Sender v. Mann*, 225 Fed. R. Serv. 3d 645, 650 (D. Colo. 2004).

We do not see in the record before us a clear explanation of how Robinson failed to comply with Rule 26(a)(1). She submitted a timeline that set out the events underlying her complaint and listing the persons present during each incident she deems significant. She also states in her complaint that she is seeking back pay, a straightforward category of damages that the school district may easily compute. *Cf. Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (explaining that damages computation is especially necessary when plaintiff seeks complex damages such as lost profits). And though Robinson did not submit documents she was still compiling related to her medical expenses and pain and suffering, the advisory committee notes clarify that a party's obligation under Rule 26(a)(1)(A)(iii) to disclose documents that support the damages computation "applies only with respect to documents then reasonably available to it." FED. R. CIV. P. 26(a)(1) advisory committee's note (1993).

Even assuming that Robinson was noncompliant with Rule 26(a)(1), we cannot tell whether the district judge examined the documents Robinson did submit or other relevant factors, such as the prejudice to the school district or efficacy of less-severe sanctions, before dismissing the case. *See Proctor & Gamble Co.*, 427 F.3d at 738; *David*, 324 F.3d at 857. We see no reason why Robinson's disclosures were insufficient to allow the school district to commence discovery—particularly given that the majority of her proposed witnesses are current or former employees of the school district—and so the school district's argument that it has been prejudiced is unpersuasive. Even in cases of prejudice, district courts must consider and explain why lesser sanctions would be ineffective before dismissing a case. *See Maynard*, 332 F.3d at 468. Although Robinson had already been sanctioned once by requiring her to pay a portion of the school district's attorney fees, the judge did not explain why barring Robinson from calling the witnesses she failed to provide information on—the sanction recommended by Rule 37(c)(1)—or limiting her possible recovery to back pay for failure to provide a detailed computation of other categories of damages would be insufficient to cure any prejudice to the defendants. *See CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 279-80, n.7 (5th Cir. 2009) (limiting categories of damages available to party who failed to provide some damage computations but emphasizing that outright dismissal of claims was not appropriate); *Musser v. Gentiva Health Serv.*, 356 F.3d 751, 758 (7th Cir. 2004) (upholding exclusion of expert testimony as proportionate sanction for failure to disclose expert witnesses under Rule 26(a)). Ultimately, the record before us is insufficient to conclude that the district court had a satisfactory basis to infer fault, bad faith, or willful noncompliance with Rule 26(a)(1) as was necessary to sanction Robinson with dismissal. *In re Thomas*, 456 F.3d at 724.

Accordingly, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this order.