**Alina TAMAS, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**FAMILY VIDEO MOVIE CLUB, INC., Defendant.**

No. 11 C 1024

United States District Court, N.D. Illinois, Eastern Division.

Signed January 8, 2015

Andrew Dunlap, Joseph Carter Melugin, Lindsay R. Itkin, Michael A. Josephson, Fibich Hampton Leebron Briggs Josephson, Houston, TX, Douglas M. Werman, Maureen Ann Salas, Sarah Jean Arendt, Zachary Cole Flowerree, Werman Salas P.C., Chicago, IL, for Plaintiffs.

Joel Griswold, John Conlaeth McIlwee, Melissa Anne Siebert, Baker & Hostetler, LLP, Chicago, IL, for Defendant.

## ORDER

Magistrate Judge Mary M. Rowland

Plaintiff Alina Tamas, individually and on behalf of all others similarly situated, filed a motion to compel Defendant Family Video Movie Club, Inc. ("Family Video") to supplement its Rule 26(a)(1) disclosures. (Dkt. 262). The motion is granted in part.

### Background

Plaintiff, Alina Tamas, brings this putative class/collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. § 105/1 *et seq.*, against Defendant Family Video Movie Club, Inc. ("Family Video"). Tamas, a former salaried store manager and manager-in-training at Family Video, alleges that she and those who were similarly situated were improperly classified as exempt employees and thus were deprived of overtime pay. (*See* Dkt. 1, 172). On August 13, 2013, the Court granted Plaintiff's motion for conditional certification of the FLSA class as follows: "All salaried Managers in Training and Store Managers who worked for Family Video Movie Club, Inc., at any time during the past three years." (Dkt. 172 at 5). The Court denied Plaintiff's motion for certification of the IMWL class. (Dkt. 172). Pursuant to the Court's scheduling order, a total of sixty-four (64) opt-in Plaintiffs are subject to written discovery, 48 of those will be subject to deposition. (Dkt. 221).

On October 15, 2014, Defendant served supplemental 26(a)(1) disclosures that span 556 pages and identify 3,300 current and former Family Video employees "likely to have discoverable information." Instead of providing contact information for the 3,300 individuals, save the opt-in discovery plaintiffs themselves, Defendant states that "Family Video employees must be contacted through Family Video's undersigned counsel." (Dkt. 262 at 2). Regarding the subject matter of each individual's knowledge, Defendant indicates that the person had information related to one of the opt-in plaintiff's employment with Family Video and her "duties and claims against Family Video." *Id.*

On October 30, 2014, Plaintiffs filed the current motion to compel Defendant to supplement its Rule 26(a)(1) disclosures. (Dkt. 262). Plaintiffs argue that the disclosures are insufficient because they do not contain contact information for the 3,300 witnesses identified. Second, Plaintiffs argue that the descriptions of the three thousand witnesses' knowledge are insufficient. (Dkt. 262 at 1). On November 19, 2014, Defendant filed a response. (Dkt. 267).[1]

### Discussion

■ Rule 26(a) requires a party to voluntarily disclose to other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed.R.Civ.P. 26(a)(1). "Numerous courts have held that this obligation is satisfied only by producing individual addresses for individual witnesses; disclosure of an attorney's address or an employer's address is not sufficient." *Hartman v. Am. Red Cross*, No. 09–1302, 2010 WL 1882002, at *1 (C.D.Ill. May 11, 2010) (where defendant had voluntarily provided contact information for some employees, court ordered production of address and phone numbers for managers and supervisors under Rule 26(a) finding that "hypothetical concern, [that plaintiff's counsel will contact represented persons] does not justify unilateral disregard for the disclosures mandated by Rule 26(a)"). *See Thurby v. Encore Receivable Mgmt., Inc.*, 251 F.R.D. 620 (D.Colo.2008) (finding that Rule 26(a)(1) required employer to disclose the personal home address, telephone number, and cellular telephone number of the employees so that plaintiff could contact them to conduct background investigations). *See also Bowman v. Green Tree Servicing, Inc.*, No. 3:12–CV–31, 2012 WL 4849718, at *3 (N.D.W.Va. Oct. 11, 2012) (ordering disclosure of home contact information of employees, in response to interrogatories, who had contact with plaintiff in a Fair Debt Collection Act action).

■ First, Defendant argues these cases are distinguishable because they do not require the disclosure of the personal contact information "of thousands of employees." (Dkt. 267 at 6). It is true that the cases cited apply to smaller numbers of individuals, but Defendant does not cite any case law to support its argument that when the number of individuals disclosed is numerous, the rule on providing known addresses and telephone numbers no longer applies. Moreover, it was Defendant that made the decision to identify 3,300 individuals, averaging 50 people for each opt-in discovery plaintiff, as "likely to have discoverable information." *See Robinson v. Champaign Unit 4 Sch. Dist.*, 412 Fed.Appx. 873, 877 (7th Cir.2011) (noting that the advisory committee notes to the 1993 enactment of the Rule 26(a)(1)(A)(i) and (a)(1)(A)(iii) disclosure requirements emphasize that the "disclosure requirements should, in short, be applied with common sense" to help focus the attention on the "discovery that is needed," and not used to "indulge in gamesmanship with respect to the disclosure obligations."); *see also Norman v. CP Rail Systems*, No. 99 C 2823,

---

1. Family Video's response expresses its frustration with the discovery process to date. First, it objects that Plaintiffs' initial Rule 26(a) disclosures suffered from the same defects as those complained of by Plaintiffs here. (Dkt. 267, Resp. at 1–3). But whether Plaintiffs have failed to comply with Rule 26(a) disclosure requirements is not before and has not been raised by motion before the Court. Moreover, "[a] party is not relieved from its obligation of disclosure merely because another party has not made its disclosures or has made an inadequate disclosure." Fed.R.Civ.P. 26(a)(1) advisory committee's note (1993). Second, Family Video complains that at the October 1, 2014 hearing, the Court ordered it to produce supplemental initial disclosures and to respond to Plaintiffs' discovery requests (*see* Dkt. 256), while refusing to order Plaintiffs to do the same. (Dkt. 267, Resp. at 3–

4). The record reflects that on October 1, 2014 Defendant reported supplemental Rule 26(a) disclosures and thousands of documents would be ready for production the following week. (Dkt. 267–2 at 6, 8). Defendant, however, argued that it should not be required to turn over any discovery until Plaintiffs were prepared to produce discovery. (*Id.* at 6–7, 12). The Court rejected this mutual production approach, believing that requiring production of Defendant's discovery, which was ready to be served, was the better course. (*Id.* at 8, 12). Thereafter, on October 29, 2014, the Court granted in part Defendant's motion to compel Answers to Interrogatories and Documents. (Dkt. 254, 261). On November 21, 2014, the Court ordered Plaintiffs to produce supplemental Rule 26(a) disclosures with damage calculations for all opt-in Plaintiffs. (Dkt. 268).

2000 WL 1700137 (N.D.Ill. Nov. 13, 2000) (noting that Rule 26(a)(1) is a "fairness rule, not a technicality. The point is to avoid having to slog through heaps of discovery material.").

Next, Family Video relies on two cases to argue that such disclosures should not be required because disclosure would invade the privacy interests of its employees. In *Walton v. K–Mart, Inc.*, 2007 WL 4219395, at *1–2 (N.D.Cal. Nov. 28, 2007), an employment discrimination action, after ordering defendant to produce "the name, date of birth, job title, position or assignment, full or part-time status, date of hire, and date of termination (where applicable)" of each subject employee, the court, without analysis, found that Plaintiff failed to show that her need for the employees' address and telephone numbers outweighed the privacy interests of those employees. In light of the otherwise extensive information being provided about the employees at issue, including birth date, the Court is not persuaded by *Walton*. In *The Lakin Law Firm, P.C. v. F.T.C.*, 352 F.3d 1122 (7th Cir.2004), the court considered the obligation of a federal agency to disclose the identities of citizens who complained to the Federal Trade Commission (FTC) in response to a Freedom of Information Act (FOIA) request. The *Lakin* Court's conclusion that "[c]ompelling disclosure of the identity of consumers' complaints ... would not further the core purpose of the FOIA" does not provide any support for Defendant's position here. 352 F.3d at 1125.

Finally, Family Video argues that many of the employees listed in its disclosures are either in the control group or likely to be represented by Family Video's counsel in discovery. (Dkt. 267 at 2). Family Video suggests that Plaintiffs should first identify those individuals from whom they wish to obtain discovery and then Family Video will either accept service of subpoenas on behalf of such individuals or provide the last known address of the individuals. (Dkt. 267 at 5). This argument, however, "ignores or nullifies the Rule 26(a)(1)(A) requirement that the *disclosing party* 'identify[ ] the subjects of the information' that the disclosed individuals may offer to support that party's claims or defenses." *Sender v. Mann*, 225 F.R.D. 645, 653 (D.Colo.2004) (emphasis in original).

■ Given the exorbitant number of individuals identified, the Court will allow Defendant to identify those in the control group and will not require Defendant to provide contact information for those individuals. However, Defendant must provide contact information for the remaining individuals.

Under Rule 26(a), a party must also conduct a reasonable inquiry for each individual identified and disclose the subject matter of the person's information. *Sender*, 225 F.R.D. at 651 ("If a party is unwilling to conduct a reasonable inquiry in advance of making Rule 26(a)(1) disclosures, that party cannot defeat the purposes of Rule 26(a)(1) simply by providing a laundry list of undifferentiated witnesses."). Family Video compiled the list of 3,300 individuals by reviewing its employment records and identifying all current and former employees who worked with each of the 64 opt-in discovery plaintiffs. Family Video argues that it has conducted an investigation that is "more than reasonable under the circumstances." (Dkt. 267 at 9). While it is true that "parties need not conduct an exhaustive investigation at this stage of the case," *Sender*, 225 F.R.D. at 651 (internal citation omitted), Family Video has not provided enough information in its disclosure to comply with Rule 26(a). *See Sender*, 225 F.R.D. at 651 (Rule 26(a) not satisfied when counsel did not interview listed brokers and investors, and resorted to giving same generic disclosure for every broker and note holder).

In supplementing, Defendant need identify only the job title of each individual in relation to the opt-in discovery plaintiff (e.g. district manager, coworker, part-time employee). Moreover, in revising its disclosures, Family Video is free to narrow the number of individuals who "are likely to have discoverable information" to a more manageable list of individuals so that Plaintiffs can utilize the list as it was intended, to conduct an investigation into the claims made and defenses raised.

### Conclusion

1. Defendant must provide contact information, including addresses and telephone numbers, for all individuals ex-

cept those identified in Defendant's control group.

2. Defendant must identify the job title of each individual in relation to each opt-in discovery plaintiff.

3. The Court will set a date for compliance with this Order after consulting with the parties at the January 9, 2015 status hearing.